THE STATE *ex vel.* FRANCIS v. DILLON *et al.*

1. Contested Election : MAYOR OF ST. LOUIS CITY. The general assembly has made no provision for the contest in the courts of the right to the office of mayor of the city of St. Louis.

2. —— : —— : REVISED STATUTES, SECTION 5528. The words "county officers," in Revised Statutes, section 5528, which provides that "the several circuit courts shall have jurisdiction in cases of contested elections of county officers" held not to include or apply to a contest for the office of mayor of the city of St. Louis.

## *Prohibition.*

WRIT AWARDED.

*Hough, Overall & Judson* for relator.

(1) The general assembly has made no provision for contesting elections to municipal offices. (2) If Revised Statutes, section 5528, was intended to apply to contests for municipal offices in the city of St. Louis, it is unconstitutional. Const., art. 8, sec. 9. (3) Assuming that the office of mayor is a "county office," still the circuit court cannot hear a contest of relator's right to hold the office, as no sufficient notice of contest was served. Section 5528, Revised Statutes, 1879, provides that "no election of any county or township officers shall be contested, unless notice of such contest be given to the opposite party within twenty days after the votes shall have been officially counted." The notice here required is a legal notice, and serves the double purpose of writ and declaration—that is, it brings the party before

the court, and contains the allegations to be tried and determined. *Vance v. Gaylor*, 25 Ark. 32 ; *Castello v. St. Louis Circuit Court*, 28 Mo. 264-5. What is termed a notice by respondent, Ewing, is nothing more than a protest against relator's right to hold the office of mayor.

*Broadhead & Haeussler* also for relator.

(1) The circuit court has no jurisdiction to try and determine a contested election for the office of mayor of the city of St. Louis. Const. of Mo., art. 8, sec. 9 ; R. S.; secs. 5528, 5563 and 3126. There is a marked distinction between counties and municipal organizations proper, such as cities and towns. Const., art. 9, sec. 1 ; *Hamilton Co. v. Mighels*, 7 Ohio St. 109 ; *State ex rel. Burden v. Walsh*, 69 Mo. 412. (2) If that portion of section 5563, which declares "that the provisions of this chapter shall be applicable to the city of St. Louis, the same as to counties," was intended to be applied to the provisions of section 5528, relating to election contests for city officers, then it is to that extent clearly unconstitutional. It is a special law as defined by this court in the case of the *State ex rel. Harris v. Herman*, 75 Mo. 340. (3) The clause of Revised Statutes, section 5563, which declares that the provisions of the chapter—*i. e.*, of the one entitled "Of Elections"—shall be applicable to the city of St. Louis the same as to counties, etc., does not apply to officers not elected on the first Tuesday in November, or to any officers not mentioned or provided for in the act. (4) The notice of contest in this case was insufficient. *Applegate v. Eagan*, 74 Mo. 265 ; *Alcock v. Lecompt*, 66 Mo. 42.

*A. R. Taylor, Dyer, Lee & Ellis* and *G. D. Reynolds* for respondents.

(1) The city of St. Louis is included in the provis-

ions of section 5528 of Revised Statutes, which declares: "That the several circuit courts shall have jurisdiction in cases of contested elections for county officers, and the county courts in contests of township officers." R. S., sec. 3126, clauses 18 and 19; *State ex rel., etc., Troll v. Hudson,* 78 Mo. 302; *State ex rel., etc., v. Mason,* 77 Mo. 189. (2) The notice of the contest is in exact compliance with the statute. R. S., sec. 5532.

BLACK, J.—Mr. Francis received a certificate of election for the office of mayor of the city of St. Louis, at the April election, 1885. Mr. Ewing seeks to contest that election. The question presented for decision by this application for a writ of prohibition is, has the St. Louis circuit court jurisdiction to hear and determine election contests for that office?

Section nine of article eight of the constitution, is as follows: "The trial and determination of contested elections of all public officers, whether state, judicial, municipal or local, except governor and lieutenant governor, shall be by the courts of law, or by one or more of the judges thereof. The general assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried and regulate the manner of trial, and all matters incidental thereto. * * *" Whether the legislature has performed the duty thus imposed upon it, as to this class of election contests, depends mainly upon the proper construction and application of the following provisions of the Revised Statutes of 1879, section 5528: "The several circuit courts shall have jurisdiction in cases of contested elections for *county officers,* and the county courts in contests of township officers," etc.

Sec. 5563: "Except as otherwise provided by law, the provisions of this chapter shall be applicable to the city of St. Louis the same as to counties, and the duties

imposed on officers in counties shall likewise be imposed on the corresponding officers of said city."

Sec. 3126, par. 19 : "Whenever the word 'county' is used in any law general in its character to the whole state, the same shall be construed to include the city of St. Louis, unless such construction be inconsistent with the evident intent of such law, or of some law specially applicable to such city."

Now the contention of the relator must be that the words 'county officers,' in section 5528, by force of the other named sections, include, and also mean, city officers of the city of St. Louis. Chapter 101, of which sections 5528 and 5563 are a part, relates alone to elections. It provides for a general election to be held in November of designated years, in each township in the state, and ward in the city of St. Louis, for the election of state officers at large, members of congress, senators, representatives, and other state officers, generally designated county officers, and such other officers as may be required by law to be elected. Besides the section before noted, other provisions are made for contesting the election of various of these officers, including judges of the different courts. No mention is made of city officers, lest it be, as contended, in section 5563, which is the last section of the chapter. By virtue of section one, article two, of the charter, the city of St. Louis, in April, of designated years, elects its municipal officers, among whom are the mayor and members of the city council. These officers then elected are strictly city officers. Some of them have no more concern with the administration of the general laws of the state than like officers in other cities have throughout the state. The city of St. Louis is in a strict sense a municipal corporation.

But while all this is true, the constitution by which the charter was adopted, among other things, provides that the city "shall be entitled to the same representation in the general assembly, collect the state revenue,

and perform all other functions in relation to the state, in the same manner, as if it were a county, as in this constitution defined." At the general November election there are elected, within the corporate limits of the city, various state officers, generally designated county officers, *i. e.*, public administrator, clerks of courts of record, recorder of deeds, sheriff, coroner, and some others. Section 5528 gives to the circuit court jurisdiction in cases of contested elections for *county officers*. St. Louis is not by name a county, nor within the limits of any county. It is, for many purposes, throughout the statutes treated as a county. Now it must be the evident purpose of section 5563 to make the chapter on elections apply to such officers as are elected by virtue of the general laws of the state, and perform their duties within the city limits. Hence, it says the chapter shall apply to St. Louis the *same as to counties*. It applies to officers elected by virtue of the general laws within the city the same as in counties. There is nothing in the chapter which has any application to city officers in other cities located within defined counties. It would do violence to the language of the statute to make it apply to city officers of the city of St. Louis.

So with respect to paragraph nineteen of section 3126. Many of the statutes of this state are applied by the use of the word *county*. The general laws are in most cases designed to have and to take effect throughout the entire state. St. Louis, as we have seen, is not a county by name. Hence, this paragraph, which is a part of the article of the general laws concerning the construction of statutes, declares that whenever the word *county* is used in any law, general in its character, the same shall be construed to include the city of St. Louis. In so far as its application to the present case is concerned, it goes no farther than section 5563 before considered, which is a construction statute, and specific as to the present case.

Further reliance is placed upon the act of March 31, 1883. Acts of 1883, p. 38. That act was no doubt designed to carry out the provisions of section five of article eight of the constitution, with respect to registration of voters in certain cities. The act, in its general scope, relates to the registration of votes and the appointment of a recorder of voters ; also to the appoinment of judges and clerks, including the method of conducting the election and certifying the result. This latter branch of the law was held to be a valid exercise of legislative power in *Ewing v. Hoblitzelle*, 85 Mo. 64. The twenty-fourth section says : " All elections in such city shall be conducted in all respects as provided in this act, and subject to all the provisions of the Revised Statutes, entitled ' Of Elections,' so far as the same do not conflict with this act, and an act entitled," etc. It is very clear this section has reference to the method only of conducting elections. So far as contesting elections is concerned, it does not give to the general law any further or broader application than it had before. It does not make the general law applicable, in this respect, to other or different officers.

The conclusion is that the general assembly has made no provision for the contest of these city officers in the courts of law. Such a conclusion should not be reached if, by any reasonable interpretation of the statutes, we could come to one consistent with the performance of that duty. We can but conclude the circuit court has no jurisdiction. The demurrer, therefore, to the return, is sustained, and the writ will issue as to the judge of the circuit court before whom the proceedings are pending. All concur.