PATRICK J. TAAFFE, Appellant, v. JEREMIAH RYAN, Respondent.

| 25a 563 |
| 31a 86 |

St. Louis Court of Appeals, April 19, 1887.

1. ELECTION CONTESTS—JUSTICES—JURISDICTION.—Under the constitution, contests for public office must be tried by some court or judge, and, under the statute, contests for the office of justice of the peace must be tried by the county court.

2. ———— The office of justice of the peace is not a county office, and the circuit court has no jurisdiction to try a statutory contest for the office.

3. ———— The fact that there is no county court in the city of St. Louis will not warrant the circuit court in assuming jurisdiction of such a contest.

4. JURISDICTION—STATUTORY.—Statutory jurisdiction exists only by statutory warrant, and legislative omission to confer jurisdiction can not be supplied by judicial construction.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

C. C. SIMMONS, for the appellant.

FRANK K. RYAN, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The proceeding in this case was instituted by the plaintiff against the defendant, to contest the title of the latter to the office of justice of the peace, for the fifth

district of the city of St. Louis, both parties claiming title to. the office by virtue of an election held in said district on the second day of November, 1886, the defendant holding the certificate of election.

The plaintiff's petition states facts, which, if proved, entitle him to the office; and the only question for decision is, whether the circuit court erred in dismissing the proceeding for want of jurisdiction.

We avail ourselves of the following part of a written opinion, filed by the judge of the circuit court, in the case, upon disposing of it, as above stated, because it contains a correct statement of the law, and is a fitting introduction to the few additional observations which we feel called upon to make:

"There is a well defined difference between proceedings in *quo warranto* and those known as contests of election. The former are begun by the public prosecutor, in the name of the state, and are designed, principally, to oust one from an office which he can show no lawful warrant or authority for holding; in the latter, the state is not a party, but the respective individual claimants to an elective office are the adversaries. And, although the proceedings in *quo warranto* may result in placing the actually elected candidate into the office from which the defeated candidate has been ousted by the writ of *quo warranto*, this result does not destroy the distinctive, independent, character of the proceeding called a contest of election. The case now before the court is of this class. The contestant, Taaffe, and the contestee, Ryan, were respectively candidates for justice of the peace of the fifth district, being the First and Seventeenth wards of this city, at the general election on November second, last. Ryan received the certificate of election, qualified, and is now in possession of the office, and Taaffe, by the proceeding at bar, is seeking to establish a better title to the office. The contestee, Ryan, has interposed a motion to quash the notice of contest, and all proceedings thereon, in this court, on the ground

alleged by him that this court is without jurisdiction in such a case. This motion has been argued and submitted for decision.

"The constitution of this state, adopted in 1875, provides, in section 9, of article 8, that the trial and determination of contested elections of all public officers, whether state, judicial, municipal, or local, except governor and lieutenant-governor, shall be by the courts of law, or by one or more of the judges thereof; and that the General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried, and regulate the manner of trial, and all matters incident thereto.

"In obedience to this command, the General Assembly, in the revision of the statute laws of the state, in 1879, vested in the several circuit courts of the state jurisdiction in all cases of contested elections for county offices; and vested in the county courts jurisdiction in cases of contested elections of township offices. Rev. Stat., sect. 5528. And the General Assembly have continued in force, to this date, the statute especially applicable to justices of the peace, by which it is provided that, whenever two or more persons shall have an equal number of votes for justice of the peace, for any township, or there is a contested election for the office of justice of the peace, the county court shall decide the same. Rev. Stat., sects. 2811 and 2812. These statutory provisions being the only ones now in force, applicable to the case in hand, it clearly appears that, in the state at large, the jurisdiction to try contests of election of justices of the peace is with the county, and not the circuit courts. But there is no county court in the city of St. Louis, nor any judicial tribunal corresponding in character to the county courts of the state; and the General Assembly, in apparent oversight of this condition of things, have made no provision vesting this particular jurisdiction in any court existing in the city of St. Louis; all that has been done is to invest the mayor

and municipal assembly with the ministerial powers, which, before the separation of the city from the county of St. Louis, were exercised over the territory of the city by the then county court of the county.

"Before the decision of the supreme court in *The State ex rel. v. Dillon* (87 Mo. 487), it was thought that this gap in the legislation of the state was filled by the general statute declaring the jurisdiction of the circuit court to exist in all civil cases not cognizable in any other court. Rev. Stat., sect. 1102. However, the supreme court, in the case cited, overruled this court, and held that an express statute must confer such jurisdiction in cases of contested election."

The appellant assails the argument advanced in the foregoing statement, on two grounds. First, by claiming that a justice of the peace in this city is a county officer, and, next, by claiming that, by virtue of section 1102, Revised Statutes, above referred to, the circuit court has jurisdiction of the case, regardless of the fact, whether or not he is a county officer. The appellant contends that it can not be assumed that the constitution and laws of this state have conferred a right, without an adequate remedy for its enforcement.

The second proposition thus advanced, we conceive, has, necessarily, been disposed of by the ruling of the supreme court in *The State ex rel. v. Dillon* (87 Mo. 487). Nothing can be said in its support here which was not equally applicable to the facts of that case, nor can we, by a disingenious attempt to distinguish, evade the logical effect of that decision. The supreme court, by deciding that case as it did, necessarily held that the right to contest, under the statute, is a purely statutory right, and must be exercised in the manner prescribed by statute, and that no court can exercise jurisdiction in such a case without statutory warrant.

Nor is the first proposition tenable. A justice of the peace is not a county officer in a county, and *a fortiori* can not be a county officer in a city. Exclusive original

jurisdiction to determine contests for this office, in other counties of the state, is vested in the county court, by statute. The fact that there is no county court within the city of St. Louis, tends to show that the legislature has overlooked this feature, but does not authorize any court to assume a statutory jurisdiction without warrant. Legislative omissions in such cases, however inconvenient, can not be supplied by judicial construction. *Hewitt v. Truitt*, 23 Mo. App. 443, 447.

The appellant is mistaken in his argument that there is an essential difference between justices of the peace in this city and other counties of the state, in this that, in other counties the jurisdiction of a justice is limited to his township, and that, therefore, he is a mere township officer. "Every justice of the peace has jurisdiction co-extensive with the county for which he shall be elected or qualified." Rev. Stat., sect. 2838.

We see no escape from the conclusion that the circuit court properly declined to entertain jurisdiction of this proceeding. The judgment is affirmed. Thompson, J., concurs; Lewis, P. J., is absent.