CARL KEHR et al., Appellants, v. THE CITY OF COLUMBIA et al., Respondents.

Kansas City Court of Appeals, February 1, 1909.

1. **ELECTIONS: Contest: Common Law: Statute.** At common law proceedings for election contests were unknown. Such contests are purely statutory and the legislative omission to confer jurisdiction cannot be supplied by judicial construction.

2. ——: ——: **Local Option: Statute: Judicial Power.** Though the statute confers jurisdiction on the court to contest local option elections such jurisdiction cannot be enforced as the statute now stands without the court writing something into its letter that was never contemplated at the time of its passage; and the legislative oversight to write into the law who shall be contestants and who contestees cannot by the court be supplied.

Appeal from Boone Circuit Court.—*Hon. Alonzo D. Burnes,* Acting Judge.

AFFIRMED.

*Boyle G. Clark* and *Robertson & Robertson* for appellants.

(1)    The statute provides a complete method for the contest of an election held under art. III of chapter 22 of the Revised Statutes of 1899.  R. S. 1899, secs. 3031, 7029, 7031, 7033; State ex rel. v. Smith, 104 Mo. 661; Montgomery v. Dormer, 181 Mo. 5; State ex

rel. v. Evans, 184 Mo. 632; State v. McIlhaney, 199 Mo. 67. (2) In contesting the election on any proposition submitted to a popular vote, it is necessary that the public in some way be made a party to the contest. 15 Cyc. 403; Metamora v. Eureka, 163 Ill. 9, 45 N. E. 209; Lisk v. Thatcher, 102 Ill. 60; Perry v. Whittaker, 71 N. C. 477. (3) The party to the contest is provided by section 3031 by necessary implication. Whenever a power is conferred by statute, everything necessary to carry out the power and make it effectual and complete will be implied. 26 Am. and Eng. Ency. of Law, 613, 614; Wilson County v. Bank, 103 U. S. 770; State ex rel. v. Rombauer, 104 Mo. 619; Bowers v. Smith, 111 Mo. 45; Cain v. Railway, 112 Mo. 34. (4) A cardinal rule of statutory construction is that every part of an existing statute should be given force rather than any part should perish by construction. Duff v. Karr, 91 Mo. App. 16; Springfield v. Starke, 93 Mo. App. 70; O'Laughlin v. Kirkwood, 107 Mo. App. 302.

*Charles J. Walker, C. B. Sebastian* and *W. M. Williams* for respondents, Cole, Stewart and others.

(1) Election contests are purely statutory. There must be legislative authority to authorize the courts to entertain them. Those, who institute such proceedings, must be able to put their finger upon a statute conferring the right upon them to conduct such contests. State ex rel. v. Dillon, 87 Mo. 487; State ex rel. Ewing. v. Francis, 88 Mo. 557; Taafe v. Ryan, 25 Mo. App. 563; State ex rel. v. Elkins, 130 Mo. 10; 15 Cyc. 393, note 66. (2) "At common law, there was no such proceeding know as a contested election." State ex rel. v. Hough, 193 Mo. 643. (3) The law regulating the manner of conducting contested election in a code unto itself. State ex rel. v. Spencer, 166 Mo. 285. (4) Contestants, who are appellants in this court, have no interest in the subject-matter of the action different from other citizens and electors of the community and

have no right to sue or appear in behalf of the public, except as specially authorized by statute. Baker v. McDaniel, 178 Mo. 447; Warren v. Kavanaugh, 33 Mo. App. 102; Chicago, K. & W. R. Co. v. Evans, 21 Pac. 216; Williams v. People, 88 Pac. 463; Beason v. Shaw, 42 So. 611; Thomas v. Franklin, 60 N. W. 568; Sebering v. Basedo, 67 N. W. 148; Damerest v. Wickham, 63 N. Y. 320. (5) The provision of section 3031, Revised Statutes 1899, stating, that elections under the Local Option Law may be contested, in the same manner as provided for contests of election of county officers, does not confer upon contestants the right to maintain this proceeding and is insufficient to justify this contest, and the trial court properly dismissed the same. Beason v. Shaw, 42 So. 611; Thomas v. Franklin, 60 N. W. 568; Sebering v. Bastedo, 67 N. W. 148; Williams v. People, 88 Pac. 463. (6) If the lawmaking power of the State has not declared who may institute such a contest and against whom it is to be brought, the courts cannot supply the omission. Where there is a deficiency in the law—a *casus omissus*—the courts cannot supply it by intendment. The legislative power can alone furnish the remedy. Ex parte Donaldson, 44 Mo. 149; State ex rel. v. Clark, 57 Mo. 26; Belkin v. Hill, 53 Mo. 496.

BROADDUS, P. J.—This action was instituted to contest the election held in the city of Columbia on February 5, 1908, held under what is known as the Local Option Law, article III, chapter 22, Revised Statutes 1899.

The vote was canvassed and the result declared on the 18th day of February, 1908, which was "against the sale of intoxicating liquors" in said city, as provided by said law. On the 27th day of said month, the plaintiffs filed a notice of contest which failed to state that they were voters and taxpayers, but did state that they were citizens of the city. The city of Columbia, its mayor,

the members of the city council, the city clerk and seven of the parties who signed the petition for holding said election were made contestees. The notice was duly served, to which the city of Columbia, the mayor, the members of the city council and the city clerk made no response. The parties named, the signers to the petition to hold said election, filed a counter notice of contest, which was served upon plaintiffs on the 16th and 17th of March, 1908.

On the 19th day of March, the plaintiffs filed an amended notice of contest in which was recited that they were citizens and taxpayers of the city. Prior thereto, the court made an order for a recount of the ballots cast at the election. Thereafter, the city of Columbia, the mayor, the members of the city council and the city clerk filed an answer to the motion to contest, in which they stated, among other things, that they had no interest in the controversy as contestees and asked that the action be dismissed as to them. And, thereafter, the remaining contestees filed a motion to dismiss all of said proceedings on several grounds, among which were assigned the following, "Because there is a defect of parties contestees," and, "Because the contestants herein have no right or authority of law to institute and prosecute this proceeding." The motion was sustained; the plaintiffs appealed.

It seems that the court decided the case on the ground that the Local Option Statute does not provide for parties contestant and contestee in such cases. Section 3031 of the article providing for a contest contains the following, "The election in this article provided for, and the result thereof, may be contested in the same manner as now provided by law for the contest of elections for county officers in this State." Sections 7079 and 7030 of the statute providing for contesting elections for county officers contemplate that the parties to the contest shall have been the opposing

candidates for the office at the election so held; and that the one claiming to have been elected shall be the contestant and the opposite party, who has been declared elected and has his certificate to that effect, shall be the contestee.

Here, the plaintiffs are making no claim as candidates for office and neither are the defendants; consequently, they do not come within the express language of the law either as to contestants or contestees. But it is insisted that, as the Legislature intended that elections under the Local Option Law might be contested as a matter of right, its purpose should not be rendered nugatory by reason of the failure in the act to declare specifically who should be contestants and contestees; and that it is the duty of the courts to exercise their powers to effectuate that purpose.

To sustain this proposition, our attention has been called to some adjudicated cases. In Village of Metamora v. Village of Eureka, 163 Ill. 9, 45 N. E. 209, the proceeding was to contest a county seat election. In the course of the opinion, a statement was made that prior to the adoption of the statute providing for contests in county seat cases, and where no method was provided for contesting an election upon the question of removing county seats, the courts of chancery took jurisdiction under their general powers to determine the legality and the result of such election. The court dismissed the action because the county had not been made a party to the contest as provided by the statute. In Lusk v. Thatcher, 102 Ill. 60, the case was one in equity to contest an election for organizing certain territory into a village. It was held that "If it is impossible to make the village a party for want of the election of officers, a proper representation should be made a party, otherwise no decree would bind the corporation."

In Truelson v. City of Duluth (Minn.), 61 N. W. 911, it is held that a contest of any general or

special city election can be had under the general pro-
visions of the statute for contesting elections. The
opinion reads, "So we are brought to enquire whether
an omission to point out and specify the officer or
officers of a city upon whom the notice shall be served
presents the contesting of an election held for the pur-
poses of the one in controversy. In view of the evi-
dent design of the act to bring within its operation all
city elections, we feel inclined to make every one of
its provisions effective if it can be reasonably done."
As the act provided, for notice of contest to be served
on the board of county commissioners, the court held
that notice of contest served "on the official body of the
city or one of its members was sufficient as that body
corresponded with the board of county commissioners."
Whaley v. Bayer (Minn.), 109 N. W. 820, was a case
involving an election contest. Section 203 of the stat-
ute authorized the district courts of the State to hear
and determine election contests instituted thereunder
by the filing of an affidavit and the issuing of an order
to show cause. The court said, "It is true that the
Legislature has not designated the manner in which
such contest shall be heard in the district court, but
when jurisdiction over a subject-matter has been con-
ferred upon a court, and the details of the procedure
are not provided for, the court will establish and adopt
such procedure as is necessary to render the grant of
the jurisdiction effective. . . . The procedure es-
tablished by the general election law for the trial
of election contests may easily be adapted to the hear-
ing of contests under . . . 203."

This case has little or no bearing on the question
before us, as it relates solely to the mode of procedure
after the court has obtained jurisdiction. The question
here is not one of proceeding, but want of jurisdiction
—not of jurisdiction over the subject-matter, but by
failure of the statute to provide who may institute the
proceedings and against whom.

The Illinois authorities go to the extent that in the entire absence of any legislative authority to contest elections in certain cases, courts of chancery assume jurisdiction in a proper case, and allow such parties as may be deemed to have a legitimate interest in public affairs to institute contests against the constituted authorities as representatives of the 'public at large. But it will be observed that in the later case of Metamora v. Eureka, supra, it is held that, since the Legislature has provided for such contests, the statute governs and its provisions must be complied with. In Truelson v. City of Duluth, supra, the court goes to some length in supplying a contestee not provided for by the statute; but, as the contestee supplied occupied the same relation to the public as the contestee provided for by statute in contests of elections in a certain other instance, it was held that the law was substantially complied with. There is no analogy in that case and this. The contestants and contestees do not correspond in any respect with those provided for in contests for elections of county officers or for contests of elections of any kind.

At common law, the proceeding for election contest was unknown. State ex rel. v. Hough, 193 Mo. 615. In this State, election contests are purely statutory and, in the absence of such a statute, there can be no such contests. [State ex rel. Francis v. Dillon, 87 Mo. 487; State ex rel. v. Elkin, 130 Mo. 90.] "Statutory jurisdiction exists only by statutory warrant, and legislative omission to confer jurisdiction cannot be supplied by judicial construction." [Taaffe v. Ryan, 25 Mo. App. 563.] In a suit to enforce a mechanic's lien, the law requiring that notice of the lien be served on the owner of the land, the owner had left the State and, leaving no agent, service could not be had as the statute required. It was held that the lien could not be enforced. The court said, "It is simply a case of defective legislation and the courts have no power to

amend the statute." [Hewitt v. Truitt, 23 Mo. App. 443.]

The provision in the Local Option Law, that election contests "may be contested in the manner as is now provided by law for the contest of elections of county officers in this State," cannot be enforced unless we write something into the latter that was never contemplated at the time of its passage. The Legislature evidently entertained the opinion that the statute providing for the contest of elections of county officers was applicable for contest of elections under the Local Option Statute, but in this that honorable body was mistaken. " 'It is a familiar rule of construction,' says the court, 'that the opinion of the legislative body as to the construction of a law can have no force unless it is given force by being enacted into a law. That the Legislature has by way of recitals or otherwise shown that it thought a certain law already upon the statute book would receive a certain construction, cannot influence the courts in construing such statute.' " [Lewis' Sutherland on Statutory Construction, sec. 515.]

The same author, in section 605, quotes from eminent English authority as follows: " 'We are bound,' said BULLER, J., 'to take the act of parliament as they have made it; a *casus omissus* can in no case be supplied by a court of law, for that would be to make law.' " The author further proceeds to state, "It will make no difference if it appears that the omission on the part of the Legislature was a mere oversight, and without doubt the act would have been drawn otherwise had attention been directed to the oversight at the time the act was under discussion." And, as was said in Crawford v. Spooner, 6 Moore's P. C., 9, " 'We cannot aid the Legislature's defective phrasing of an act, we cannot add and mend, and by construction make up any deficiencies which are left there.' " And "the language of statutes, but more especially of modern acts, must neither be extended beyond its natural and proper

meaning, in order to supply defects, nor strained to meet the justice of an individual case." [Lewis' Sutherland on Stat. Construction, sec. 606.]

It is clear that the Legislature overlooked the fact that the act providing for election contests for county offices could not be made to apply in cases of contests of elections under the Local Option Law, as there was no congruity in the two enactments. We are asked to correct this oversight and write into the law contestants and contestees not provided for in either act. This, we cannot do without assuming to "add to and mend" the statute—that is, to assume as a court the functions of the Legislature. All the authorities agree that this cannot be done.

Other points are urged by defendants that the proceedings cannot be maintained, but, as we prefer to base our conclusions on the main question involved, we will not discuss them. Affirmed. All concur.