It is therefore ordered that the judgment of the trial court be affirmed. All concur.

---

## ED HAAS, Appellant, v. CITY OF NEOSHO, Respondent.

**Springfield Court of Appeals, December 6, 1909.**

1. **LOCAL OPTION ELECTION: Contest: Inadequacy of Contest Statute.** Section 3031, Revised Statutes 1899, providing for contesting local option elections, is so indefinite and so inadequate in its provisions that no contest proceeding can be had thereunder. [Endorsing Kehr v. City of Columbia, 116 S. W. 428.]

2. ———: ———: **Holding Election Within Sixty Days of Primary Election.** The term "genera. election" as used in section 3027 and "state election" as used in section 3028, Revised Statutes 1899, refer to the election of persons to office and not to primary elections, and it is not unlawful to hold a local option election within sixty days of an election under the state primary law.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*Hubbert & Hubbert* for appellant.

(1) The state election for the nomination of candidates for public offices under the Act of 1907, is as much within the reasons for the sixty-day limitations clause in the local option act as any other election. State ex rel. v. Taylor, 119 S. W. 373; Endlich, Interp. Stat., sec. 112. (2) The "reasons" of the law are always involved in its interpretation for enforcement by the courts. This is axiomatic. Armstrong v. Modern Brotherhood, 112 S. W. 24; State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. v. Wiggins, 208 Mo. 622; Westerman v. Supreme Lodge, 196 Mo. 670; Pugh v. Railroad, 118 Mo. 506; Ross v. Railroad, 111 Mo. 18; State ex rel. v. Seibert, 116 Mo. 415; Gaston v. Lamkin, 115 Mo. 32.

*John T. Sturges* for respondents.

(1) Election contests are purely statutory; and, as there was at the time the election in controversy was held, and at the time of commencing and trying this case, no adequate statute authorizing such contests, this proceeding is without authority and a nullity. Kehr v. City of Columbia, 116 S. W. 428. (2) In this State election contests are purely statutory, and, in the absence of such a statute, there can be no such contests. Kehr v. City of Columbia, 116 S. W. 428; State ex rel. v. Dillon, 87 Mo. 487; State ex rel. v. Elkin, 130 Mo. 90. (3) Questions of jurisdiction, except over the person, are not waived by failure to raise such objection in the trial court, but may be raised at any stage of the proceedings; and it is the duty of the courts, trial and appellate, to raise and decide such questions of its own motion. State ex rel. v. Gravel Road Co., 187 Mo. 439; Secret Service Co. v. Gill-Alexander Mfg. Co., 125 Mo. 140; Dennis v. Bailey, 104 Mo. App. 638; Abernathy v. Moore, 83 Mo. 65; 17 Ency. Law (2 Ed.),

1062. (4) The August primary is not an election within the meaning of section 3027, Revised Statutes 1899, of the Local Option Act. It is not "a general election under the constitution and laws of this State." R. S. 1899, sec. 4160, subd. 16; State v. Searcy, 39 Mo. App. 393.

GRAY, J.—On the 18th day of August, 1908, an election was held in the city of Neosho, Newton county, under the provisions of the local option law relating to sale of intoxicating liquors. A majority of the votes cast was in favor of the adoption of the law and returns were legally made, and the result properly declared. The appellant was, at said time, a taxpaying citizen, a qualified voter, and wholesale dealer in liquors in said city. This suit was instituted by him under the provisions of section 3031, to contest the legality of said election. The only ground upon which his contest is based, is, that the election was held within sixty days of the state primary election of August 4th, of that year. The trial court found against the contestant and he has appealed.

There are but two questions in the case. First: Are the provisions of section 3031 adequate so that a contest can be instituted and determined thereunder? Second: Can the local option law be held within sixty days of a primary election? The Kansas City Court of Appeals, in the case of Kehr v. City of Columbia, 116 S. W. 428, decided the first point, holding that the statute is so indefinite and inadequate in its provision that no contest proceeding can be had thereunder

We endorse what was said by Judge BROADDUS in that case. In addition to the opinion of that court, the Legislature has amended the law, providing a procedure in such contests, and thereby recognized the fact that the prior law was inadequate.

The conclusion reached by us on this point is decisive of the whole case, and it is not necessary to decide

the second proposition, but it is a matter of public concern. If the election was void because it was held within sixty days of the state primary election of August 4th, then the people of the city of Neosho should know it, and in calling elections in other parts of the State, the officers charged with such duty may be governed thereby. Sections 3027 and 3028 provide for local option elections. The former in counties and the latter in cities having over twenty-five hundred inhabitants. It will be proper to consider these two sections together in determining this question. The first reads as follows: "No election held under the provisions of this article shall take place on any general election day or within sixty days of any general election held under the constitution and laws of this State, so that elections as are held under this article, shall be special elections, and shall be separate and distinct from any other elections whatever." The latter reads: "Such elections shall not be held within sixty days of any municipal or State election held in such city, and shall be conducted and returns thereof made and the result thereof ascertained and determined in accordance, in all respects with the laws and ordinances governing municipal elections in such city."

In section 4160, Revised Statutes 1899, it is provided as follows: "The term 'general election' refers to the election required to be held on Tuesday succeeding the first Monday in November." The St. Louis Court of Appeals, in State v. Searcy, 39 Mo. App. 393, held that the general election proviso in section 3027, only applied to the November election, and the same court in Dooley v. Jackson, 104 Mo. App. 21, declared that the word "elections" used in a similar statute, do not include primary elections. These cases are cited with approval by the Supreme Court in the recent case of State ex rel. Van Stade v. Taylor, 119 S. W. 373.

Our construction of section 3027 is, that no election under the local option law can legally be held within

sixty days of any general election for the election of officers, and that local option elections are special, and shall not be held on the day when an election is being held for any other purpose, but it is not unlawful to hold the local option election within sixty days of an election under the State primary law.

The next question is: Should a different interpretation be given to section 3028? We think not. The proviso of section 3027 undoubtedly belongs to section 3028, because it is not limited to that section, but applies to all the provisions of the article. It is our opinion that the word "election" used in both sections means the election of persons to office, and does not mean a primary election.

It is the contention of the appellant that the decision of the Supreme Court in State ex rel. Van Stade v. Taylor, supra, places the election under the state primary law upon equal footing for all purposes with the general elections as defined in section 4160, Revised Statutes 1899. We find nothing in the decision which warrants this construction. On the contrary, the opinion is in harmony with what we have said herein. The judgment of the trial court will be affirmed. All concur.