## THOMAS BRADBURY, Contestant, v. FRANK A. WIGHTMAN, Contestee.

### In Banc, February 9, 1911.

1. **CONTESTED ELECTION:** Railroad and Warehouse Commissioner. The Supreme Court has no jurisdiction to entertain an election contest for the office of Railroad and Warehouse Commissioner.

2. ———: ———: **Not Mentioned in Statute.** The Constitution provides that the "trial and determination of contested elections of all public officers, whether State, judicial, municipal or local, except Governor and Lieutenant-Governor, shall be by the courts of law, or by one or more of the judges thereof. The General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried, and regulate the manner of trial and all matters incident thereto." And the statute (enacted in 1877) provides that "all contested elections for judge of the Supreme Court, judge of the St. Louis and Kansas City Courts of Appeals, Superintendent of Public Schools, Secretary of State, State Auditor, State Treasurer and Attorney-General shall be heard and determined by the Supreme Court." Neither that statute nor any other names Railroad and Warehouse Commissioner. *Held,* that the Supreme Court has no jurisdiction to hear and determine an election contest for the office of Railroad and Warehouse Commissioner.

   *Held,* by GRAVES, J., dissenting, that the constitutional provision divides the officers into three classes, one of which is "State" officers, and that the statute enacted in 1877 (Sec. 5951, R. S. 1909), mentioned all "State" officers then in

existence, and the rule of law is that where a constitutional provision creates a class, and a statute enacted in pursuance thereof mentions all the members of the class then in existence, it opens, upon a subsequent creation of an office belonging to the same class, to admit that office; and guided by that rule of law, the Supreme Court has jurisdiction over an election contest for Railroad and Warehouse Commissioner, since the office was created after the enactment of section 5951, and is a State office.

## Election Contest.

DISMISSED.

*W. M. Williams* and *Wm. C. Marshall* for contestant.

*Selden P. Spencer* and *Lon O. Hocker* for contestee.

WOODSON, J.—At a general election held in this State on November 6, 1910, the plaintiff was a candidate for the office of Railroad and Warehouse Commissioner on the Democratic ticket, and the defendant was a candidate for the same office on the Republican ticket. On the face of the returns, the latter received a majority of the votes cast, and was duly declared elected.

In proper time plaintiff instituted contest proceedings in this court against the defendant, challenging the legality of his election on several grounds, and asking that he be ousted from said office, and that the former be declared elected. The defendant filed a motion to dismiss the proceedings, for the reason that this court had no jurisdiction to hear and determine a contest for the office of Railroad and Warehouse Commissioner. It is thus seen that the sole question presented for our determination is, has this court jurisdiction over the cause?

The right to contest an election is not a natural right, such as the right of life, liberty and property, but exists, if at all, in the written laws of the State —the Constitution or statutes.

Counsel for contestor bases his right of contest upon section 9 of article 8 of the Constitution of 1875, and section 7056, Revised Statutes 1899, now section 5951, Revised Statutes 1909.

Said constitutional provision reads as follows: "The trial and determination of contested elections of all public officers, whether State, judicial, municipal or local, except Governor and Lieutenant-Governor, shall be by the courts of law, or by one or more of the judges thereof. The General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried, and regulate the manner of trial and all matters incident thereto; but no such law, assigning jurisdiction or regulating its exercises, shall apply to any contest arising out of any election held before said law shall take effect."

In pursuance to that constitutional mandate, the. Legislature enacted said section 7056, which reads as follows: "All contested elections for judge of the Supreme Court, judge of the St. Louis and Kansas City Courts of Appeals, Superintendent of Public Schools, Secretary of State, State Auditor, State Treasurer and Attorney-General, shall be heard and determined by the Supreme Court, or any three judges thereof in vacation: Provided, that no judge of said court, who is a contestant or contestee in such election, shall be permitted to hear and determine the same."

This section as it now exists was first enacted April 26, 1877 (Laws 1877, p. 248, sec. 1). Prior thereto all contests of elections for State officers mentioned in said section were contestable in the State Senate.

By reading said constitutional provision, it will be seen that it undertakes to do two things: first, it takes from the Senate the power to hear and determine contested elections of all public officers, whether State, judicial, municipal or local, except Governor and Lieutenant-Governor; and, second, it confers that power and jurisdiction upon courts of law, or one or more of the judges thereof, as the Legislature may designate by general law. It should also be observed that said constitutional provision does not itself undertake to name the courts or the judges who shall hear and determine such contested elections, but in express terms it empowers the Legislature to designate the courts or judges who shall try and determine the same.

The question now presents itself, has the Legislature designated any court or judge to try and determine a contested election for the office of Railroad and Warehouse Commissioner?

Section 7056 provides that the Supreme Court shall have jurisdiction to hear and determine contested elections for Supreme Judge, judges of the St. Louis and Kansas City Courts of Appeals, Superintendent of Public Schools, Secretary of State, State Auditor, State Treasurer and Attorney-General; but said section makes no provision whatever authorizing this court to hear and determine a contested election for the office of Railroad and Warehouse Commissioner; nor has our attention been called to any other section of the statute empowering this court to do so; and after diligent search, we have been unable to find any such statute; and, therefore, conclude that none such exists, and, further, that the law has made no provision for a contest of the election to that office, in this court at least.

Practically the same question here presented was involved in the case of State ex rel. Francis v. Dillon, 87 Mo. 487. There a certificate of election was duly

issued to the relator, as mayor of the city of St. Louis; and Mr. Ewing, the Republican candidate who ran against relator for the office of mayor, filed in the circuit court of the city of St. Louis a proceeding to contest the election. Judge Dillon, one of the judges of said circuit court, assumed jurisdiction of said cause and proceeded to try and determine the contest, when a writ of prohibition was issued from this court requiring him to show cause, etc. The respondent filed his return, setting up, among other things, the foregoing facts in justification of his claim of jurisdiction to try the contest. In that case the contestor contended that section 5528, Revised Statutes 1879, gave the circuit court of the city of St. Louis the power to hear and determine an election contest for the office of mayor of the city of St. Louis. That section only provided for contests of elections of county officers in the various counties of the State, and was silent as to a contest of election for the office of mayor of the city of St. Louis. It was there contended that the provisions of the statute were broad enough, and if properly construed would include the officers of the city of St. Louis, notwithstanding the city was not mentioned in the statute. In that case, this court held that the Legislature had neglected to obey the constitutional mandate before mentioned by failing to provide for contest of the office of the mayor of the city of St. Louis, and for that reason the circuit court had no jurisdiction to hear and determine the cause; and for that reason Judge Dillon was prohibited from proceeding with the trial of the cause.

The only difference between that case and this one is the fact that there no jurisdiction was given the circuit court to try and determine any contested election case for municipal offices, while here the statute gives this court jurisdiction to hear and determine all contested election cases for state officers, except that

of Railroad and Warehouse Commissioner. There is no difference in principle between the two cases. That case is controlling in this.

We are, therefore, of the opinion that the motion to dismiss the proceedings should be sustained, and it is so ordered.

All concur except *Graves, J.,* who dissents in separate opinion; *Kennish* and *Brown, JJ.,* not sitting.

## DISSENTING OPINION.

GRAVES, J.—I do not concur with my associates in the view that this court is without jurisdiction in this case. It is true that section 5951, Revised Statutes 1909 (R. S. 1899, sec. 7056), does not expressly include the office of Railroad and Warehouse Commissioner, but such office is a State office. The power for the Legislature to act as to contests in elections is found in section 9 of article 8 of the Constitution, which reads: "The trial and determination of contested elections of all public officers, whether State, judicial, municipal or local, except Governor and Lieutenant-Governor, shall be by the courts of law, or by one or more of the judges thereof. The General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried, and regulate the manner of trial and all matters incident thereto; but no such law, assigning jurisdiction or regulating its exercises, shall apply to any contest arising out of any election held before said law shall take effect."

This constitutional provision, so far as contests before the courts are concerned, divides the officers into three general classes, i. e., (1) "State," (2) "judicial," and (3) "municipal or local." That there was a classification as above clearly appears from what follows in the section, for it is therein provided that

the General Assembly shall pass a general law desig-
nating the court or judge "by whom the several classes
of election contests shall be tried." The word
"classes" as herein above used in this section of the
Constitution evidently refers to the classification first
above made in the same section, and as we have above
set out.

By Revised Statutes 1909, section 5951, supra, the
Legislature complied with this constitutional provision,
and by this general law made the contests of State
officers, as they then existed, triable before this court.
At first these contests were before the State Senate.
[1 R. S. 1855, p. 709, secs. 77 and 78.] In 1877, under
the Constitution of 1875, the jurisdiction as to State
officers was changed from the Senate to the Supreme
Court. [Laws 1877, p. 248.] At the time the contest
statute was first passed it included all the State officers
then provided for by law. Since then new State offi-
cers have been named and their offices created. Yet,
whilst this is true, they belong to the one class, i. e.,
State officers. And whilst it is further true that these
new State officers are not specifically mentioned in the
contest statute above mentioned, yet it will not do to
so strictly apply the maxim, *"Expressio unius est ex-
clusio alterius,"* as to exclude from this general class
these after-created State offices and subsequently
named State officers.

Speaking of the maxim, supra, in 36 Cyc. 1122, it
is said: "Nor will it generally exclude the application
of the statute to things of the same class as those ex-
pressly mentioned which have come into existence
since the passage of the statute."

With the same rule under consideration the Su-
preme Court of Maine in Hurley v. Inhabitants of
South Thomaston, 105 Me. l. c. 306, said: "But as
stated in Endlich on the Interpretation of Statutes,
section 112, 'The language of a statute is generally ex-

tended to new things which were not known and could not have . been contemplated by the Legislature when it was passed.  This occurs when the act deals with a genus, and the thing which afterwards comes into existence is a species of it.'   [Portland v. N. E. Tel. & Tel. Co., 103 Me. 240.]''

To a like effect is Northern Counties Trust v. Sears, 30 Ore. 388.

It is clear that when the first contest statute was passed the Legislature made a class of all State officers and first provided for their contests to be heard by the Senate, and then later, under a change of the Constitution, by the Supreme Court.   To this class have been added other officers, and such other officers, including this plaintiff, should not and cannot be excluded under the maxim aforesaid.  I am of opinion that this court has jurisdiction, and for the reason here hurriedly expressed, I dissent from the order and judgment entered declining jurisdiction.