**C. E. FELKER, Contestant-Appellant,**

**v.**

**CITY OF SIKESTON, Missouri, a municipal corporation, and John W. Vaughn, City Clerk, Contestees-Respondents.**

No. 7868.

Springfield Court of Appeals.

Missouri.

April 25, 1960.

Motions for Rehearing or to Transfer Overruled May 11, 1960.

R. P. Smith, Cape Girardeau, for contestant appellant.

Manuel Drumm, Sikeston, for contestees respondents.

STONE, Presiding Judge.

■. In this proceeding, one C. E. Felker (hereinafter called contestant) seeks to contest a municipal election held in the City of Sikeston, Missouri, a city of the third class, on April 7, 1959, at which the voters approved, by a vote of 1,822 for to 1,778 against, a proposition to adopt the city manager form of government. V.A. M.S. 78.430, as amended Laws of 1957, p. 240. Upon motion by the City and its

Clerk, the notice of contest was dismissed by the circuit court. On the theory that his appeal "involves the title to office of the elected officials and is against the City of Sikeston, a political subdivision," contestant appealed to the Supreme Court. However, title to office of the mayor and aldermen (*even if* here in issue) would not involve "title to any office under this state" within the contemplation of Article 5, Section 3, Constitution of 1945, 2 V.A.M.S., delimiting the appellate jurisdiction of our Supreme Court [State, at inf. of Dalton ex rel. Tucker v. Mattingly, Mo., 268 S.W.2d 868, 869(1); Montague v. Whitney, Mo.App., 298 S.W.2d 461, 466 (6)], and it has long been settled that a city is not a "political subdivision of the state" within the meaning of that phrase as used in the cited constitutional article. Kansas City v. National Engineering & Mfg. Co., Mo., 265 S.W.2d 384, 386(4); Deacon v. City of Ladue, Mo.App., 294 S.W.2d 616, 623(5), and cases there collected. So, instant contestant's appeal erroneously taken to the wrong tribunal has come to us but recently upon transfer; and, in view of the nature of the case, we have hastened to accord it immediate consideration.

■ Contestant instituted this proceeding by filing a "*notice of contest*" in which

all of the alleged "grounds" (with the sole exception of the complaint that the ballot was not in the form prescribed by V.A. M.S. 78.430, as amended Laws of 1957, p. 240) charged fraud and irregularities in the conduct of the election itself and in counting and tallying the ballots cast thereat. Alleging that "a correct count" would have shown a majority against the submitted proposition, contestant prayed "a recount of the ballots cast at such election." Thus, as contestant's counsel frankly states, this is "*an election contest.*" The appellate courts of this state have pointed out repeatedly that election contests did not exist and were unknown at common law, and that such contests are purely statutory.[1] Since "(t)he right to contest an election is not a natural right, such as the right of life, liberty, and property, but exists, if at all, in the written laws of the state" [Bradbury v. Wightman, 232 Mo. 392, 394, 134 S.W. 511(1)], the rule always has been that no election may be contested except as specifically authorized and provided by statute;[2] and it has been held in many Missouri cases that charges of fraud and irregularities, such as those in the notice of contest before us, will not support or permit an election contest, absent specific statutory authorization therefor.[3] Although more frequently invoked

1. Wann v. Reorganized School District No. 6 of St. Francois County, Mo., 293 S.W. 2d 408, 411(2); State ex rel. Jackson County v. Waltner, 340 Mo. 137, 143, 100 S.W.2d 272, 275(3); State ex rel. Frank v. Becker, 320 Mo. 1087, 1090, 9 S.W.2d 153; State ex rel. Hollman v. McElhinney, 315 Mo. 731, 735, 286 S.W. 951, 953; Boney v. Sims, 304 Mo. 369, 379, 263 S.W. 412, 415; State ex rel. City of Marshall v. Hackmann, 274 Mo. 551, 565, 203 S.W. 960, 963; State ex rel. Rainwater v. Ross, 245 Mo. 36, 45, 149 S.W. 451, 453; State ex rel. Wells v. Hough, 193 Mo. 615, 643, 91 S.W. 905, 912; State ex rel. Keshlear v. Slover, 134 Mo. 10, 15, 31 S.W. 1054, 1055; State v. Gamma, 149 Mo.App. 694, 702–703, 129 S.W. 734, 737(4); Kehr v. City of Columbia, 136 Mo.App. 322, 328, 116 S.W. 428, 429(2); Taaffe v. Ryan, 25 Mo. App. 563, 566.

2. Wann v. Reorganized School District No. 6 of St. Francois County, supra, 293 S.W.2d loc. cit. 410; State ex rel. Miller v. O'Malley, 342 Mo. 641, 649, 117 S.W. 2d 319, 323; State ex rel. Wahl v. Speer, 284 Mo. 45, 55–56, 59, 223 S.W. 655, 658, 659; Kehr v. City of Columbia, supra, 136 Mo.App. loc. cit. 328, 116 S.W. loc. cit. 429(2). See also Remington v. Flemington School Dist., Mo., 22 S.W.2d 800, 801–802(1).

3. Arkansas-Missouri Power Corp. v. City of Potosi, 355 Mo. 356, 196 S.W.2d 152; Missouri Electric Power Co. v. City of Mountain Grove, 352 Mo. 262, 270–271, 176 S.W.2d 612, 616–617; State ex rel. City of Clarence v. Drain, 335 Mo. 741, 73 S.W.2d 804; Long v. Consolidated School Dist. No. 7, Kingsville, Johnson County, 331 Mo. 302, 53 S.W.2d 867; Remington v. Flemington School Dist., supra, 22 S.W.2d loc. cit. 801(1); Boney

with respect to special bond elections, the stated principles are just as applicable in and dispositive of other election contests, for which there is no legislative authorization.[4]

■ Counsel for instant contestant has cited no statute, and we have found none, providing for any contest of an election submitting under V.A.M.S. 78.430 (as amended Laws of 1957, p. 240) a proposition to adopt the city manager form of government. Since "the legislature, rightfully or wrongfully, has not enacted any statute pertaining to the matter" [Wann v. Reorganized School District No. 6 of St. Francois County, Mo., 293 S.W.2d 408, 411], we cannot allow the instant contest simply "on general principles." Montague v. Whitney, supra, 298 S.W.2d loc. cit. 464(2). If and when the General Assembly in its wisdom determines that provision should be made for contesting elections of this character, it will, no doubt, enact appropriate legislation for that purpose. In the meantime, we have no right to supply by judicial fiat this legislative void. State ex rel. Frank v. Becker, 320 Mo. 1087, 1092, 9 S.W.2d 153, 155; Kehr v. City of Columbia, 136 Mo.App. 322, 330, 116 S.W. 428, 430; Taaffe v. Ryan, 25 Mo.App. 563, 567. It may not be amiss to add parenthetically that, if there is factual foundation for instant contestant's charges, the law affords other means of unearthing the fraud and punishing the fraudfeasors. State ex rel. Frank v. Becker, supra, 320 Mo. loc. cit. 1092, 9 S.W.2d loc. cit. 155; State ex rel. Miller v. O'Malley, 342 Mo. 641, 649, 117 S.W.2d 319, 323.

■■ As for the form of ballot used, the proposition for adoption of the city manager form of government was submitted in the exact language of V.A.M.S. 78.430 (as amended Laws of 1957, p. 240); but, instead of directing the voters under the alternatives "Yes" or "No" to "Scratch the one you do not want" (as the statute directs), small squares were provided with instructions to place an "X" in the box opposite "Yes" to vote for adoption of the city manager form of government and to place an "X" in the box opposite "No" to vote against adoption. Of course, the plain and simple direction of the statute as to the form of ballot should have been followed, and it is incomprehensible why an attack upon the form of ballot should have been invited by deviation from the statutory form and instructions to voters. However, the requirement of V.A.M.S. 78.430 is that the proposition be submitted *"in substantially the following form";* and, with no declaration that a ballot not in that precise form shall not be counted, the statute is in that respect directory and not mandatory. Ginger v. Halferty, Mo., 193 S.W.2d 503, 505(1). In these circumstances, the test of the sufficiency of the ballot is whether the voters thereby were afforded an opportunity to express, and did fairly express, their will upon the proposition submitted. State ex rel. City of Memphis v. Hackman, 273 Mo. 670, 699, 202 S.W. 7, 14(10); Yowell v. Mace, 221 Mo.App. 85, 91, 290 S.W. 96, 99; Horsefall v. School District, City of Salem, 143 Mo. App. 541, 546, 128 S.W. 33, 34(3, 4). We have no doubt but that the criticized form of ballot satisfied this test [compare the form of ballot in V.A.M.S. 78.450 (as amended Laws of 1957, p. 281), and see

v. Sims, supra; Wilson v. Washington County, Mo., 247 S.W. 185, 187(6); State ex rel. Wahl v. Speer, supra.

4. Bradbury v. Wightman, 232 Mo. 392, 134 S.W. 511 (contest of election of railroad and warehouse commissioner); State ex rel. Ellis v. Elkin, 130 Mo. 90, 30 S.W. 333, 31 S.W. 1037 (contest of election to move county seat); State ex rel. Francis v. Dillon, 87 Mo. 487 (contest of elec-

tion of mayor of City of St. Louis); State ex rel. Frank v. Becker, supra (contest of primary election); Kehr v. City of Columbia, supra, and Haas v. City of Neosho, 139 Mo.App. 293, 123 S.W. 473 (contests of local option elections); State ex rel. Holmes v. Kernes, 180 Mo. App. 355, 167 S.W. 1080 (contest of election to consolidate school districts); Taaffe v. Ryan, supra (contest of election of justice of the peace.)

particularly Yowell v. Mace, supra, 221 Mo.App. loc. cit. 91–92, 290 S.W. loc. cit. 99], and we are unwilling to disenfranchise the voters of Sikeston and invalidate this special election, for no reason more solid and substantial than the relatively unimportant deviation from the statutory direction as to the form of ballot. See again the Memphis and Horsefall cases, supra.

The judgment dismissing the notice of contest is affirmed.

McDOWELL and RUARK, JJ., concur.