Jack CLARK, Vernon Haines, Gary King, Lynn Wescott, James Clark, Robert Tipton, d/b/a Donoho's Home Furnishings, and Jack McNabb, d/b/a Trenton Hardware, Appellants,

v.

CITY OF TRENTON, Missouri, Respondent.

No. KCD 30560.

Missouri Court of Appeals, Western District.

Dec. 3, 1979.

John H. Norton, Wilbur L. Pollard, Norton & Pollard, Inc., North Kansas City, for appellants.

Stockard, Andereck, Hauck, Sharp & Evans, Marvin L. Sharp, Trenton, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

SOMERVILLE, Presiding Judge.

The genesis of this litigation was an ordinance passed by the governing body of the City of Trenton, Missouri, to impose a city sales tax and a requisite election authorizing its imposition. See generally Sections 94.500 to 94.570, RSMo 1978.

On July 13, 1978, as a sequel to the above events, a petition captioned "Petition For Declaratory Judgment", naming the City of Trenton, Missouri, as defendant (hereinafter city), was filed by Jack Clark and others (hereinafter contestants) in the Circuit Court of Grundy County, Missouri. On July 27, 1978, the contestants, by leave of court, filed what was captioned "First Amended Petition For Declaratory Judgment", to which the city filed a "Motion to Dismiss First Amended Petition" which was sustained by the trial court.

By way of a timely appeal the contestants seek reversal of the judgment of dismissal on the ground that the trial court incorrectly construed the "First Amended Petition For Declaratory Judgment" as being one to "contest" the election held by the city on April 4, 1978, to authorize imposition of the city sales tax.

In order to set the stage for appellate review, it is important to take stock of what the trial court had before it to support its judgment of dismissal. As no supporting affidavits were filed, and no evidentiary

hearing was held, the trial court had before it only the contestants initial and amended petitions, the city's motion to dismiss and written suggestions of the city supporting its motion to dismiss and written suggestions of the contestants opposing the motion to dismiss. Although the matters raised by the city in its motion to dismiss did not prove themselves, they could be supported by appropriate allegations, if there were such, which might be contained in contestants' petition and by evidence found in the transcript. *Light v. Lang,* 539 S.W.2d 795, 797 (Mo.App.1976).

The transcript on appeal reveals that the contestants' original petition bears a filing date of July 13, 1978, and that their amended petition bears a filing date of July 27, 1978. Turning to the amended petition, the contestants alleged therein, formal allegations aside, as follows: (1) on or about January 20, 1978, the city passed an ordinance imposing a city sales tax; (2) "a special election was held in the City of Trenton on April 4, 1978, at which time the qualified voting residents of Trenton voted in favor of said ordinance imposing the sales tax . . ."; (3) that the city failed to comply with the applicable statutory requirements as to notice of said election; and (4) the prayer for relief, verbatim, was, "WHEREFORE, plaintiffs pray the order of this court declaring the special election held April 4, 1978, to be illegal and void and of no effect, and further that the sales tax imposed be declared null and void, and for such other relief as shall be just and proper in the premises."

The city's motion to dismiss, among other things, struck at the contestants' amended petition on the ground that it was an action to contest the city sales tax election and should be dismissed because it was untimely filed and for that reason contestants had not followed "the procedure prescribed by law for contesting an election".

The scope of Sections 115.001 to 115.641, RSMo 1978, officially designated and to be known as the "Comprehensive Election Act of 1977", Section 115.001, supra, effective January 1, 1978, 115.009, supra, is statutorily declared to be as follows in Section 115.-005, supra: "Notwithstanding any other provision of law to the contrary, sections 115.001 to 115.641 shall apply to all public elections in the state, except elections for which ownership of real property is required by law for voting." Even more pertinently significant, Section 115.553.2, supra, provides in part that the result of "any election on any question" may be contested by one or more registered voters from the area in which the election is held, and Section 115.577, supra, provides in part that "[n]ot later than thirty days after the official announcement of the election result by the election authority, any person authorized by section 115.553 who wishes to contest the election . . . on any question . . . shall file a verified petition in the office of the clerk of the appropriate circuit court."

Digressing momentarily, Section 115.507, supra, provides that the election results shall be officially announced not later than the second Tuesday after the election. Although there was no allegation in the contestants initial or amended petition that the statutorily designated election authority officially announced the election results within the time prescribed in Section 115.507, RSMo 1978, under authority of *Jones v. Buckley,* 425 S.W.2d 204, 208 (Mo. 1968), it appears that this factual void could have been filled by indulging the presumption of regularity attending the performance of duties by election officials [in addition, see, generally, *Windes v. Nelson,* 159 Mo. 51, 60 S.W. 129 (1900), and *Wilson v. Kennedy,* 151 Ohio St. 485, 86 N.E.2d 722 (1949)]. It was unnecessary for the trial court to have relied solely upon the presumption just mentioned because the contestants, from a pragmatic standpoint, both below and on appeal, admitted that neither their initial nor amended petition was *timely* filed as required by the Comprehensive Election Act of 1977. At the trial level, in written suggestions filed in opposition to

the city's motion to dismiss, the contestants candidly admitted that neither their initial nor amended petition had been timely filed as prescribed by Section 115.577, supra, of the Comprehensive Election Act of 1977, and asserted that the matter of untimeliness was of no consequence since their action was one for declaratory judgment rather than one contesting the election. In the same vein, at page 7 of the contestants' brief on appeal, virtually the same admission is found: "When the court holds, as it did on page 9 of the Supplemental Transcript, that if there was a matter to be tested, it should have been done in compliance with the 'Comprehensive Election Act', it mistakenly assumes that the acts complained of in the Plaintiffs' petition were something that could have been brought pursuant to the 'Comprehensive Election Act' *if they had been timely filed.*" (Emphasis added.)

█ As matters before the trial court disclosed that the election was held on April 4, 1978, and the contestants' initial petition was not filed until July 13, 1978, some 85 days after the latest date (April 18, 1978) for officially announcing the election results, the trial court was on sound ground in dismissing the contestants' amended petition (filed July 27, 1978) if the contestants' cause of action, in fact, was one to contest the election in question.

A careful reading of the contestants' amended petition, notwithstanding the fact that it was captioned "Amended Petition For Declaratory Judgment", leaves no doubt that its thrust and purpose was to contest the April 4, 1978, city sales tax election and in the next breath, if successful, ipso facto to have the city sales tax declared invalid. It was not an action to declare the "ordinance" null or void, or to declare the sales tax invalid, for reasons separate and apart from the election, as disclosed by both the text and prayer of both petitions.

The Comprehensive Election Act of 1977, in part, was obviously intended to give fi-nality and conclusiveness to elections, and, to that end, accelerated judicial procedures were incorporated to govern election contests. See, e. g., Sections 115.557 and 115.-577, supra, prescribing highly abbreviated time limitations for filing election contests, Sections 115.567 and 115.579, supra, prescribing highly abbreviated time limitations for contestees to file answer, Section 115.-581, supra, as to the celerity with which election contests must be heard at the trial court level, and Section 115.597, supra, as to the dispositional priority of election contests on appeal.

The contestants' efforts to verbally masquerade their cause of action as something other than an action to contest the April 4, 1978, city sales tax election is nothing more than a belated, but unsuccessful, effort to circumvent the time requirements of Section 115.577, supra. The law would be naive if it failed to pierce this thinly disguised effort to bypass the admittedly stringent provisions of the Comprehensive Election Act of 1977. The integrity of the dual concepts of finality and conclusiveness of free elections would be fatally compromised if persons wishing to contest them could wait indefinitely or an inordinate length of time to do so.

*Felker v. City of Sikeston,* 334 S.W.2d 754, 755 (Mo.App.1960), steeped with footnoted authorities, has this to contribute to the matter at hand: "The appellate courts of this state have pointed out repeatedly that election contests did not exist and were unknown at common law, and that such contests are purely statutory.[1] Since '(t)he right to contest an election is not a natural right, such as the right of life, liberty, and property, but exists, if at all, in the written laws of the state' [*Bradbury v. Wightman,* 232 Mo. 392, 394, 134 S.W. 511(1)], the rule always has been that no election may be contested except as specifically authorized and provided by statute;[2] . . .". Having concluded that the pleading nomenclature engaged in by the contestants could not hide the true nature of their cause of

action, that of an election contest rather than an action for declaratory judgment, the trial court properly sustained the city's motion to dismiss the amended petition as it was not timely filed pursuant to the mandate of Section 115.577, supra, of the Comprehensive Election Act of 1977.

Judgment of dismissal affirmed.

All concur.