William L. BLACK, Respondent,

v.

Ronald D. BOCKENKAMP, Appellant.

No. 43436.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

David J. Newburger, Steve Vossmeyer, James P. Gamble, Newburger & Vossmeyer, St. Louis, for appellant.

John M. Williams, Kenneth W. Pratte, Williams & Pratte, Flat River, for respondent.

CRIST, Judge.

Primary election contest. We affirm.

This case involves an election contest of the August 5, 1980 primary election for the Democratic nomination to the office of State Representative, 128th Legislative District. The 128th Legislative District lies entirely within the boundaries of St. Francois County.

On August 7, 1980, the County Clerk of St. Francois County made a public statement that defendant Bockenkamp (hereinafter referred to as "Bockenkamp") had received 2,721 votes and plaintiff Black (hereinafter referred to as "Black") had received 2,717 votes in the election. He certified these results to the Missouri Secretary of State on August 11, 1980. On August 8, 1980, Black filed an election contest in the St. Francois County Circuit Court requesting a recount of votes and a new election. He dismissed this action on August 18, 1980. The dismissal was stated to be without prejudice.

On September 3, 1980, the board of state canvassers through the secretary of state issued a statement announcing Bockenkamp had received 2,721 votes and Black had received 2,717 votes in the election. On September 4, 1980, Black filed a second election contest in the St. Francois County Circuit Court requesting a recount of the votes in the election. On September 8, 1980, Bockenkamp moved unsuccessfully to dismiss that action, on the ground it was not timely. He then sought in vain a Writ of Prohibition from this Court.

Upon recount of the votes, the circuit court found Black had received 2,726 votes and Bockenkamp had received 2,706 votes in the election.

During the course of the recount, several election irregularities were revealed. Prior to the completion of the recount Bockenkamp moved the circuit court to order a new election by reason of such irregularities. His motion was denied, renewed after the completion of the recount, and denied again at that time. Bockenkamp appeals.

We proceed under the mandate of § 115.551, RSMo. 1978. There is no doubt the legislature in the comprehensive Election Act intended primary election contests to be fully decided prior to the general

**178**

election. *Edwards v. Kelley*, 578 S.W.2d 357, 358 (Mo.App.1979).

Bockenkamp argues the circuit court erroneously declared and applied § 115.549, RSMo.1978 in that it held "a new primary election could be ordered only when it is shown that election irregularities caused an otherwise losing candidate to win." Bockenkamp does not argue that the circuit court judge abused his discretion. He says the trial court used the wrong standard. The record belies this contention.

Section 115.549 provides in part:

If any court trying a contested primary election determines there were irregularities of sufficient magnitude to cast doubt on the validity of the initial election, it may order a new primary election for the contested office.

The court found irregularities in two voting precincts in the manner of counting and marking of ballots. The court then found that it had authority to order a new election under § 115.549 where the irregularities were of sufficient magnitude to cast doubt on the validity of the initial election.

■ The court concluded that the irregularities in question were not of sufficient magnitude to cast doubt on the validity of the initial election as required by § 115.549. The court reiterated this finding several times, ultimately stating that:

... the irregularities would in no way have affected the voters in the casting of their votes. And consequently that those irregularities are of insufficient magnitude to cast doubt on the validity of the initial election.

We find no double standard in the court's finding the "irregularities would in no way have affected the voters in the casting of their votes" with the required finding of a valid election under § 115.549. Such findings are compatible. *Kasten v. Guth*, 395 S.W.2d 433, 435 (Mo.1965). See, *State ex rel. Bonzon v. Weinstein*, 514 S.W.2d 357, 364 (Mo.App.1974).

■ Bockenkamp asserts the election contest was filed more than five days after the *official announcement* of the results of

the election under § 115.507, RSMo.1978. He interprets the language *official announcement* to refer to the announcement by the county clerk. Black contends the *official announcement* of the results for the office of state representative was the announcement of the secretary of state on September 3, 1980. The September 3, 1980 announcement was pursuant to a final determination of the primary election results by the board of state canvassers mandated by § 115.511(1), RSMo.1978. We find the legislature intended the *official announcement* to be that of the secretary of state. All agree that the petition was filed within five days after the announcement by the secretary of state.

Section 115.531, RSMo.1978 provides for the filing of an election contest "[n]ot later than five days after the *official announcement* of the results of a primary election is *issued by* by the election authority or the secretary of state, as the case may be...." (Emphasis added.)

Our state has 163 representative districts. Sixty-one of these districts serve more than one county. Section 115.511(1), RSMo.1978 requires the secretary of state to convene the board of state canvassers to total the *abstracts* of the primary election and thereafter "... issue a statement announcing the results of the primary election for federal officers, governor, lieutenant governor, *state senators and state representatives* (emphasis added), circuit judges, secretary of state, attorney general, state treasurer and state auditor." It is after the board totals the abstracts that an official announcement can be made. Bockenkamp urges a different rule in this case because the representative district lies wholly within one county. We hold the legislature intended the same rule to apply to single-county districts as multi-county districts.

The intent of §§ 115.501 through 115.601, RSMo.1978 is to have the secretary of state make the official announcement of the results of an election for state office.

Judgment affirmed.

DOWD and SNYDER, JJ., concur.