Inglish, Kay, Cartwright & Riner, P.C., John W. Inglish, Jefferson City, for intervenor-appellant.

John S. Pletz, Bartlett, Venters & Pletz, P.C., Jefferson City, for contestants-respondents.

John B. Berkemeyer, Hermann, for defendant-contestee.

CRIST, Presiding Judge.

Election contest. Affirmed.

**GASCONADE R–III SCHOOL DISTRICT, Intervenor-Appellant,**

v.

**Don WILLIAMS, Defendant-Contestee,**

and

**Martha G. Baxter and Vincent B. Hoffmann, Contestants-Respondents.**

No. 44975.

Missouri Court of Appeals, Eastern District, Special Division.

Sept. 9, 1982.

Application to Transfer Denied Nov. 15, 1982.

Contestants-Respondents challenge the results of a Gasconade R–III School District election in which the school tax proposition passed by two votes (423 to 210) and on recount passed by two votes (422 to 210). Contestants filed an election contest and won. Intervenor-Appellant Gasconade R–III School District appeals.

■ The trial court ordered a new election on the ground "there were irregulari-

---

ties in the election of sufficient magnitude to cast doubt on its validity." Section 115.-593, RSMo. 1978. Contestants assert irregularities in three major areas: voter registration, ballot defects and absentee voting. The trial court properly found a failure of proof and lack of authority to determine voter qualification. *Whitener v. Turnbeau,* 602 S.W.2d 890 (Mo.App.1980).

The official ballot had the voter vote "for the additional levy" or "against the additional levy." At the bottom of the official ballot was the following:

Instruction to Voters: If you are in favor of the proposition, place an X in the box opposite "Yes". If you are opposed to the proposition, place an X in the box opposite "No".

Contrary to this instruction, there were no boxes for marking "Yes" or "No". There was no evidence that any voter was actually misled or caused to cast a vote contrary to his intention.

Absentee voting irregularities provided the major issue. Seventeen absentee ballots were counted, with fifteen being "Yes" votes and two being "No" votes. Eleven of those seventeen absentee ballots were questioned by reason of failure to fill in the ballot envelope affidavit. Section 115.283. Two had no name or address, five had no address and four were not checked as to reason to vote absentee. There was no evidence showing whether each of the eleven voted "Yes" or "No" on the levy.

The requirements of Section 115.283 has been held to be mandatory insofar as checking the reason for absentee voting. *Barks v. Turnbeau,* 573 S.W.2d 677, 681 (Mo.App.1978). *See, Whitener v. Turnbeau,* 602 S.W.2d 890, 894 (Mo.App.1980). Section 115.295.2 requires the rejection of an absentee ballot where the affidavit on a ballot envelope has not been filled in.

We are not unmindful of the holdings in *Kramer v. Dodson,* 543 S.W.2d 792 (Mo.App. 1976) and *Howard v. Banks,* 544 S.W.2d 601 (Mo.App.1976). Nor are we unmindful of the more numerous absentee voting irregularities in *Barks, supra.* But the legislature deemed the filling in of the affidavit on the ballot envelope of much importance. Section 115.295.2, RSMo. 1978. Accordingly, the irregularities in the absentee voting coupled with the confusing instructions on the official ballot warranted another election.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.