Richard BEATTY, Plaintiff-Appellant,

v.

The METROPOLITAN ST. LOUIS SEWER DISTRICT, et al., Defendants-Respondents.

No. 66779.

Supreme Court of Missouri, En Banc.

Nov. 21, 1985.

Rehearing Denied Dec. 17, 1985.

Lewis C. Green, St. Louis, for plaintiff-appellant.

Donald J. Stohr, Mary Bonacorsi, Vicki M. Barnell, Charles B. Kaiser, Jr., Gen. Counsel, Metropolitan St. Louis Sewer Dist., James J. Wilson, City Counselor, Timothy G. Noble, Associate City Counselor, Michelle C. Clay, Asst. City Counselor, St. Louis, for defendants-respondents.

Kenneth M. Romines, Robert A. Hutton, Jr., St. Louis, for defendant-respondent County Election Bd.

ROBERTSON, Judge.

This is a direct appeal from the dismissal with prejudice of appellant's First Amended Petition. The trial court ruled that the statute of limitations for election contests barred appellant's petition. § 115.577, RSMo 1978. We affirm in part and reverse

and remand in part for proceedings consistent with this opinion.

The facts are these: The Metropolitan St. Louis Sewer District (hereafter MSD) adopted Ordinance 5630 on May 23, 1984, calling for a special election on the proposition of whether MSD could issue clean water revenue bonds in the amount of $60 million. Approval of the bonds would, among other things, authorize MSD to construct additions to its sewage treatment system and fix rates and charges to provide funds to pay the cost of operation and maintenance of the sewage system and service the proposed bonds.[1]

Because MSD operates within both the City of St. Louis and St. Louis County, the Boards of Election Commissioners in the City of St. Louis (hereafter the City Board) and St. Louis County (hereafter the County Board) had responsibility for the conduct of the election on the MSD proposition.[2] On August 7, 1984, more than four-sevenths of the voters approved MSD issuing the revenue bonds. On August 14, the City Board certified the abstract of all the votes cast on the proposition in the City of St. Louis. On August 16, the County Board certified the abstract of votes cast on the proposition in St. Louis County. Appellant filed his Petition for Declaratory Judgment and Injunction against MSD as the sole defendant on September 14.[3] MSD moved to dismiss appellant's petition arguing that appellant had failed to comply with the election contest provisions of § 115.527, et seq., RSMo 1978 (as amended).

On November 15, appellant filed his First Amended Petition for Election Contest, Declaratory Judgment and Injunction, naming the City Board and County Board as additional defendants.[4] Each of the defendants

---

1. The question put to the voters was: "Shall Clean Water Revenue Bonds in the amount of Sixty Million Dollars ($60,000,000) for the purpose of controlling water pollution by constructing a system of sewage treatment facilities, interceptors, and appurtenances, including matching federal and state grants therefore, to assure that discharges to the Mississippi, Missouri, and Meramec Rivers and their tributaries comply with the Federal Clean Water Act, be issued by the Metropolitan St. Louis Sewer District?"

2. Pursuant to § 115.023.3, RSMo 1978, the City Board and the County Board "may, by contract, authorize one of their number to conduct the election for all or any part of the ... special district" when an election is to be conducted for a special district located within the jurisdiction of more than one election authority. The County Board and City Board did not avail themselves of this option.

3. The original petition challenged the authority of MSD to issue clean water revenue bonds and to raise rates and charges without a vote of the people. Mo. Const. art. X, § 22. In addition, appellant averred the invalidity of the election due to the "misleading and deceptive" language of the proposition as placed before the voters on the ballot, that the proposition deprived the people of due process of law in violation of Mo. Const. art. I, § 10, and that the wording of the proposition constituted electioneering and was therefore an improper expenditure of public funds in violation of Mo. Const. art. III, § 38(a) and art. VI, §§ 23 and 25. Further, appellant

alleged that the notice of election did not conform to the requirements of Chapter 115 and that the proposition and ordinance were so vague as to deny voters due process of law, again in violation of Mo. Const. art. I, § 10.

4. Appellant filed the First Amended Petition prior to the trial court rendering a decision on MSD's initial motion to dismiss. The First Amended Petition contains three counts. Count I is denominated an election contest; it names MSD, the County Board and the City Board as defendants. Count I involves § 115.553.2, RSMo 1978, and avers (1) that MSD has no authority to issue clean water revenue bonds; (2) the defective wording of the ballot proposition which constitutes electioneering, deprives the people of due process of law, and is an unlawful use of public funds, (3) the impropriety of the election notice, (4) the vagueness of the ballot and enabling ordinance resulting in a deprivation of due process to voters, (5) that MSD has no authority to service bonds for a specified watershed within a part of the district from revenues collected on a district-wide basis, and (6) that the entire procedure for the conduct of the election deprives the electors of due process. Count I prays that the election be set aside.

Count II seeks a declaratory judgment that Ordinance 5630 is invalid because (1) MSD lacks authority to issue the bonds and to service the bonds with district-wide revenues, (2) the notice of the election is contrary to law, (3) the ballot proposition and the ordinance itself are unconstitutionally vague, and (4) there has been

moved to dismiss the First Amended Petition, arguing that appellant's petition was barred by the statute of limitations for election contests. § 115.577. The trial court sustained the motions to dismiss.

## I.

■ This is a direct appeal. Appellant's Point III argues that:

The court below erred in holding that the election contest statute, as applied to bar this suit, is constitutional, because the election contest statute, as applied by the court below to bar this suit, violates Article I, §§ 10 and 14 of the Missouri Constitution and the Fourteenth Amendment of the United States Constitution, in that the election contest statute as so applied is so vague and indefinite as to deprive appellant of due process of law.

This Court has jurisdiction "in all cases involving the validity ... of a statute or provision of the constitution of this state...." Mo. Const. art. V, § 3. Appellant's Point III questions the constitutional validity of the election contest provisions of Chapter 115. We believe that appellant raises the constitutional issue in good faith. Therefore, this Court has jurisdiction over all of the issues raised in this case. *State ex rel. Union Electric Co. v. Public Service Commission*, 687 S.W.2d 162 (Mo. banc 1985).

## II.

Section 115.553.2 provides in pertinent part:

The result of any election on any question may be contested by one or more registered voters from the area in which the election was held. The petitioning voter or voters shall be considered the

contestant and the officer or election authority responsible for issuing the statement setting forth the result of the election shall be considered the contestee....

Section 115.577 provides in pertinent part:

Not later than thirty days after the official announcement of the election result by the election authority, any person authorized by section 115.553 who wishes to contest the election ... on any question provided in section 115.575 shall file a verified petition in the office of the clerk of the appropriate circuit court....

Appellant filed his original petition on September 14, 1984, thirty-one days after the City Board, and twenty-nine days after the County Board, certified the election results on the MSD proposition in their respective jurisdictions. Respondents argue that the statute of limitations for election contests expired thirty days after the City Board certified the votes on the proposition.[5]

The policy of The Comprehensive Election Act of 1977, § 115.001, *et seq.*, RSMo 1978 (as amended) (hereafter "the Act") is to require the prompt resolution of questions relating to elections. Election authorities must announce election results expeditiously. § 115.507.1, RSMo 1978. Legal actions contesting elections must be brought within thirty days of such announcement. § 115.577. Summons must be served without unnecessary delay. § 115.579.1. The contestee must answer within fifteen days. § 115.579.3. The Court is to try the case "[i]mmediately upon the filing of a petition and answer...." § 115.581, RSMo 1978.

This is an election on a special district question conducted by more than one elec-

no valid vote of the people authorizing a rate increase as required by Mo. Const. art. X, § 22.

Count III asks the court to enjoin MSD from issuing the proposed bonds and from pledging increased rates to service the bonds without a vote of the people.

5. MSD and the County Board argue that appellant's failure to file a verified petition and comply with the requirements of § 115.579, RSMo 1978, as to the form of the summons deprive the trial court of jurisdiction and render the original petition a nullity. We need not reach these issues based on our holding herein.

tion authority. The election authorities did not choose to contract for the conduct of the election by one of them. Under these circumstances, it is not possible to determine the outcome of the election until all election results are certified. To require that the time for contesting an election contest begin before the results of an election are fully known would effectively shorten the thirty day statute of limitations provided by the Act. Further, we perceive no diversion from the policy of the Act if the statute of limitations begins to run from the announcement of election results of the last announcing election authority.

■ Therefore, we hold that when an election is conducted on a question for a special district by more than one election authority, the statute of limitations for filing an election contest does not expire until thirty days after all of the election authorities have certified their election results. The original petition was timely filed.

Appellant next argues that MSD is the proper contestee. Section 115.553.2 defines the contestee as "the officer or election authority responsible for issuing the statement setting forth the result of the election...."

There are four statutory provisions which bear directly on responsibility for issuing "a statement setting forth the result of" elections. The first of these is that "[n]ot later than the second Tuesday after the election, the verification board shall issue a statement announcing the results of each election held within its jurisdiction...." § 115.507. In cities or counties having an election board, that entity serves as the verification board, in all other jurisdiction, the verification board is comprised of the county clerk and two verification judges. §§ 115.015, .499, RSMo 1978.

The second of these provisions is that "the board of state canvassers ... shall ... issue a statement announcing the results of the primary election for federal officers, governor, lieutenant governor,

state senators and respresentatives, [etc.]." § 115.511.1, RSMo 1978. The third is essentially identical to this, except in reference to the general election for those offices, and the fourth similarly addresses special elections and elections to consider initiatives, referenda and constitutional amendments. § 115.511.2, .3.

The statutes identify two classes of entities charged with the responsibility of "announcing election results": verification boards for local elections and a board of state canvassers for state and federal offices and statewide questions. Appellant's argument seems to be that these statutes do not provide for a single entity charged with announcing the result of an election held within more than one jurisdiction but not included in the statewide categories for which § 115.511 controls. Thus, he urges, there is no entity denominated a contestee under the statute, and this vacuum must be filled by MSD.

The policy of the election law is that "[t]he result of any election on any question may be contested...." § 115.553.2. If there is a reasonable interpretation of a statute which will give effect to its policy and purpose, it will be employed. *BCI Corp. v. Charlebois Construction Co.*, 673 S.W.2d 774, 780 (Mo. banc 1984).

■ It is reasonable to interpret the phrase "officer or election authority" in the definition of contestee as allowing for the plural of both of its constituent terms. This is especially so in light of the statutory commandment that "[w]hen any subject matter, party or person is described or referred to by words importing the singular number ... several matters and persons ... and bodies corporate as well as individuals, are included." § 1.030.2, RSMo 1978.

■ It is further reasonable to define the phrase "the statement setting forth result of the election," § 115.553.2, as meaning a summary of the votes cast in favor of and against a candidate or ques-

tion, and not a declaration of whether a particular candidate has been elected or, as in this case, a question has received the required (here four-sevenths) majority to stand approved. Under the statutory scheme, then, the announcement of the verification board is a summary of the abstract of votes and is designed to inform the public of the official count of the ballots cast, § 115.507.1. The political subdivision or special district which submits a question receives a certification of the election returns which consists of an abstract of the votes cast. § 115.507.1, .2. From that certification the special district determines whether the question it submitted has been approved by the required majority. The statutes do not require that a political subdivision, special district, verification board, or election authority issue a declaration that a question is approved. Persons intersted in the ultimate outcome make such a determination from the election results announced by the verification board. Where the General Assembly intended for an election authority to make an ultimate determination of a candidate's success, it expressly did so. § 115.523, RSMo 1978.

■■■ The contestees in a given election are those officers and election authorities which, singly or in combination, are required to issue the statement summarizing the abstract of the votes cast. § 115.507.1. The City Board and the County Board are the verification boards for their respective election jurisdictions. § 115.499.1, RSMo 1978. The City and County Boards are, therefore, the proper contestees for the instant election contest. Because MSD has no statutory obligation to announce election results, MSD is not the contestee.

In a related argument, appellant contends that there has been no "official announcement of the election result" within the meaning of § 115.577 so as to begin the period for filing an election contest. Appellant relies on *Black v. Bockenkamp*, 607 S.W.2d 176 (Mo.App.1980), which held that,

even where a primary election for state representative takes place entirely within a single county, the "official announcement" which begins the running of the period for contesting the election is that made by the board of state canvassers, § 115.511.1.

■■ Section 115.511.1 does not apply in the instant case. The relevant official announcements for this case are issued by the verification boards in the City and the County, not the board of state canvassers. § 115.507. Appellant's reliance on *Black* is misplaced.

Appellant next contends that irrespective of whether MSD is the proper contestee, the First Amended Petition relates back to the date of the filing of the original petition. Rule 55.33(c) governs the issue of whether appellant's First Amended Petition relates back to the date of the filing of the original petition. The rule establishes three requirements, each of which must be met if the petition is to relate back. *Home Building Corp. v. Ventura Corp.*, 568 S.W.2d 769, 771–772 (Mo. banc 1978).

The first requirement, that the claim stated against the new party must arise out of the conduct, transaction, or occurrence set forth in the original pleading, is clearly met. Both the original petition and the Count I of the First Amended Petition aver that the conduct of the election on the MSD proposition was not proper.

Rule 55.33(c) next requires that:

An amendment changing the party against whom a claim is asserted relates back if ... *within the period provided by law for commencing the action* against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits.... (Emphasis added.)

■■ This Court has held that notice sufficient to come within the provisions of Rule 55.33(c)(1) exists when the party actu-

ally sued and the party whom plaintiff meant to sue had a sufficient identity of interest or were so closely connected that notice to one would suffice to inform the other of a pending claim for relief. *Home Building Corp., supra. See also* 15 Wheaton, Missouri Practice, Rule 55.33(c)–4, p. 697 (1976); *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982). No such identity of interest existed between MSD and the City Board or the County Board. Nor is there any indication that either of the election boards received notice of the lawsuit prior to the expiration of the statute of limitations for election contests. Appellant filed his action one day before the expiration of the election contest statute of limitations. The record indicates that summons was served on MSD after the statute of limitations had expired on September 26. Appellant fails the second requirement of Rule 55.33(c).

■ Appellant also fails the third requirement of Rule 55.33(c). The County Board and City Board could not have known that, but for appellant's mistake in naming MSD as a defendant, the action would have been brought against them. The original petition is not styled an election contest, nor does it seek to set aside the election;[6] instead, its ultimate aim is to prevent MSD from issuing bonds and raising fees and charges to service those bonds. Even assuming that the County and City Boards were aware of appellant's lawsuit within the statute of limitations, one could not reasonably infer that either board should have known that the action would have been brought against them, but for appellant's failure to name the proper defendant.

Count I of appellant's First Amended Petition does not relate back to the date of the filing of the original petition. Count I

is, therefore, barred by the statute of limitations for election contests. § 115.577.

Appellant next asserts that the election contest statutes are so vague and indefinite as to deprive him of due process of law. Mo. Const. art. 1, § 10; U.S. Const. amend. XIV. Appellant's due process contentions are two: (1) the election contest statutes fail to identify the contestee adequately, and (2) fail to apprise a contestant of the running of the statute of limitations by not requiring an official announcement of election results on questions presented by special districts when more than one election authority conducts the election. As we have held that the original petition was timely filed, we need not address the second contention.

In *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980), this Court stated:

> If the terms or words used in the statute are of common usage and are understandable by persons of ordinary intelligence, they satisfy the constitutional requirements as to definiteness and certainty.... On a challenge to a statute ... as being unconstitutionally vague it is not necessary to determine if a situation could be imagined in which the language used might be vague or confusing....

It is only by the invention of a tortuous reading that the election contest statutes can be made to be confusing, indefinite or uncertain. The statute clearly announces the parties and the procedures by which contests are to be conducted. Appellant's assertion that the identity of the contestee is vague and indefinite results not from indefinite or uncertain language in the statutes, but from appellant's reading of the law.

■ "A statute is presumed constitutional and will not be held otherwise unless

---

**6.** Appellant's original petition appears to be aware of § 115.553.2. It relies on *Northern Trust Co. v. City of Independence,* 526 S.W.2d 825 (Mo. banc 1975), and *Wann v. Reorganized School Dist. No. 6 of St. Francois County,* 293

S.W.2d 408 (Mo.1956), to the exclusion of Chapter 115's election contest provisions. Appellant does not invoke § 115.553 until filing his First Amended Petition.

it clearly and undoubtedly violates some constitutional provision." *State v. Brown*, 660 S.W.2d 694, 697 (Mo. banc 1983). The election contest statutes do not clearly and undoubtedly violate the law. Appellant's due process claim is without merit.

### III.

Counts II and III of appellant's First Amended Petition remain. Appellant posits that issues relating to ballot proposition wording and the propriety of the notice of election are not part of an election contest and should not have been dismissed by the trial court.

Appellant relies on *Northern Trust Company v. City of Independence*, 526 S.W.2d 825 (Mo. banc 1975), for the proposition that a claim of electioneering by the wording of the proposition on the ballot is not an election contest. For its position that a claim of improper notice of election is not within the purview of an election contest, appellant relies on *Wann v. Reorganized School District No. 6 of St. Francois County*, 293 S.W.2d 408 (Mo.1956).

Both *Wann* and *Northern Trust* were decided before the adoption of the Act. By its passage of the Act, the General Assembly intended to "simplify, clarify and harmonize the laws governing elections." § 115.003. Prior to the adoption of the Act, Chapter 124 controlled election contests. It provided no procedure by which the results of an election on a question could be contested. Courts in Missouri assumed jurisdiction in equity, *Arkansas-Missouri Power Corp. v. City of Potosi*, 355 Mo. 356, 196 S.W.2d 152 (1947), or entertained declaratory judgment actions challenging the authority of a governmental entity to do what had been approved in an election, *Northern Trust, supra.*

With the passage of the Act, the General Assembly mandated a procedure by which election contests on questions could be brought. An election contest properly encompasses those issues which affect the conduct and outcome of an election. The wording of the proposition on a ballot and the propriety of the notice of election provided are issues cognizable only in an election contest. *Gasconade R–III School Dist. v. Williams*, 641 S.W.2d 444 (Mo.App.1982); *Clark v. City of Trenton*, 591 S.W.2d 257, 259 (Mo.App.1979). The trial court properly dismissed those averments of Counts II and III which challenge the ballot proposition wording and the propriety of the notice of the election.

The remaining averments of Counts II and III ask whether MSD has the authority to issue the bonds approved by the voters and whether Mo. Const. art. X, § 22, requires voter approval before MSD may raise its rates and charges. These are not election contest issues. Because they are not election contest issues, the remaining averments of Counts II and III are not barred by the election contest statute of limitations. § 115.577.

The trial court erred in dismissing the non-election contest issues raised in Counts II and III. Therefore, we reverse the decision of the trial court dismissing Counts II and III in their entirety and remand for proceedings consistent with this opinion. Leave may be granted by the trial court for appellant to amend his pleadings to conform herewith.

All concur.