**Chris Allen JEFFERS, Chris Allen Jeffers, II, and Laverne Marie Jeffers, Appellants,**

v.

**RAY COUNTY, Missouri, Respondent.**

**No. WD 39455.**

Missouri Court of Appeals,
Western District.

April 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1988.

Don B. Roberson, Kansas City, for appellants.

A.V. McCalley, Richmond, for respondent.

**600**

Before KENNEDY, C.J., and
BERREY and COVINGTON, JJ.

BERREY, Judge.

Appeal from the dismissal of respondent, Ray County, in a medical malpractice action. Appellant argues that the court erred in granting respondent's motion to dismiss because 42 U.S.C. § 1983, circumvented the defense of sovereign immunity and that the defense of the statute of limitations was circumvented by the relation back of the first amended petition to the initial petition filed in the cause by the appellant.

On April 24, 1981, Chris Allen Jeffers and Laverne Marie Jeffers along with their minor son, Chris Allen Jeffers, II, filed a petition alleging professional negligence in the birth delivery of Chris ·Allen Jeffers II. Named as parties in the initial petition were N.C. Inzerillo, D.O., the attending physician at the birth; N.C. Inzerillo, D.O. and E.W. Ireland, D.O., as partners doing business as the Richmond Family Clinic; Ray County Memorial Hospital and its Board of Trustees, and Richard Davidson in his capacity as Administrator of Ray County Memorial Hospital. On May 3, 1983, appellant filed a first amended petition joining respondent, Ray County, as a party for the first time. Count I of the petition alleged the negligence of Ray County as owner and operator of the hospital in employing N.C. Inzerillo, D.O., and in the failure to provide certain supplies and equipment used in birth deliveries. Count II outlined a § 1983 action against respondent. It was alleged that Ray County was acting under color of state law, "when they engaged in conduct that they knew or should have known would violate the constitutionally protected liberty and property interests of plaintiff Chris Allen Jeffers, II." Ray County filed a motion to dismiss, stating that the cause of action was barred by sovereign immunity under § 537.600, RSMo 1978, and that the petition failed to state a cause of action under 42 U.S.C. § 1983. Further, it was claimed that the statute of limitations in § 516.130, RSMo 1978, barred Count V of the petition which dealt with the claims of the parents of

Chris Allen Jeffers II against Ray County. On September 7, 1983, the trial court sustained respondent's motion to dismiss.

■ Appellant first contends that the trial court erred in sustaining the motion made by respondent because 42 U.S.C. § 1983 circumvented the defense of sovereign immunity if it were otherwise applicable. It must be pointed out at the onset that the defense of sovereign immunity is indeed applicable in the instant case. Sovereign immunity was reinstated as a defense against tort liability for public entities by the Missouri legislature in § 537.600, RSMo 1978, as it existed prior to its abrogation in *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). The rule before *Jones* was that, "[u]nder the cases in this state all persons are barred from maintaining actions against the state and its political subdivisions by the doctrine of governmental immunity, and this includes counties." *Wood v. County of Jackson,* 463 S.W.2d 834, 835 (Mo.1971). Since the reinstatement of sovereign immunity, it has been the rule for all public entities subject to certain exceptions. *State ex rel. New Liberty Hospital District v. Pratt,* 687 S.W.2d 184 (Mo. banc 1985).

■ No such exceptions can be found in the instant case which would give appellant the ability to penetrate the shield of sovereign immunity surrounding and protecting Ray County. This is a classic medical malpractice action of precisely the type political entities are protected from under the statute. Appellant tries to avoid the application of sovereign immunity by transforming a garden variety negligence action into a § 1983 action. Count II of the first amended petition alleges that Ray County, while acting under color of state law, violated constitutionally protected liberty and property interests of Chris Allen Jeffers, II. Anticipating the sovereign immunity defense, the petition also states that the bar of immunity would result in a denial of due process. On appeal, the appellants argue that the necessary requirements of

§ 1983 action have been fulfilled and that due process requires relief.

It is certainly true that the United States Supreme Court has held that, "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). There are limits, however, on this liability. A municipality may not be held liable under the theory of *respondeat superior. Monell v. New York City Dept. of Soc. Serv., supra*, 436 U.S. at 691, 98 S.Ct. at 2036. This was made crystal clear when the Court stated, "that a municipality cannot be held liable *solely* because it employs a tortfeasor." *Id. See also Pembaur v. Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Indeed, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985).

No § 1983 action can be found under the facts of this case. Count II is merely a recitation of what a § 1983 action should contain: (1) that the conduct complained of must have been committed under color of state law; and (2) that the conduct must have deprived a person of rights, privileges or immunities secured by the United States Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Beyond these bare allegations there is nothing to support a § 1983 action. Respondent is a county existing under Missouri law. It has established and operates a public hospital. No other basis for liability save these facts has been suggested by appellant. This merely adds up to a claim of vicarious liability which will not support the § 1983 claim. *Monell v. New York City Dept. of Soc. Serv., supra*, 436 U.S. at 692, 98 S.Ct. at 2036. Appellant fails to point out any facts which would establish Ray County as the moving force behind a constitutional violation as prescribed for liability of a government in a § 1983 action. *Kentucky v. Graham, supra. See also*

*Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981).

Appellant's Point I is denied.

In its motion to dismiss, Ray County stated that Count V of the first amended petition was barred by the statute of limitations as found in § 516.130, RSMo 1978. Appellant argues that the court erred by sustaining the motion because the defense of statute of limitations was circumvented by the relation back of the first amended petition to the initial petition filed in the action by appellant. Count V outlines the claim of Chris Allen Jeffers and Laverne Marie Jeffers, the parents of Chris Allen Jeffers, II.

■ There can be no doubt that the statute had run as against Ray County. The time allowed for filing in § 516.130, RSMo 1978, is three years. Chris Allen Jeffers' birth, and the damage complained of, occurred on April 28, 1979. The initial petition was filed April 24, 1981, within the prescribed period. The first time a claim was asserted against respondent was with the filing of the first amended petition on May 3, 1983, four years after the cause of action occurred. The only way such a claim against Ray County could be saved is if it is found that the amended petition relates back to the initial filing by operation of Supreme Court Rule 55.33(c).

Rule 55.33(c) requires that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the

proper party, the action would have been brought against him.

Thus, there are three requirements which must be met for the relation back doctrine to apply when an amendment changes the party against whom a claim is asserted. *Home Bldg. Corp. v. Ventura Corp.*, 568 S.W.2d 769, 772 (Mo. banc 1978). First, the claim asserted in the amended pleading must have arisen "out of the con-duct, transaction, or occurrence set forth ... in the original pleading." Rule 55.-33(c). Appellant is correct in the assertion that this requirement has been met. The same incident of medical malpractice forms the basis of both petitions. However, appellant does not go far enough in analyzing Rule 55.33(c). Two additional requirements are outlined in the rule. Neither are met here.

The party brought in by the amended pleading must have "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits." Rule 55.33(c). This notice exists when "the party actually sued and the party whom plaintiff meant to sue had a sufficient identity of interest or were so closely connected that notice to one would suffice to inform the other of a pending claim for relief." *Beatty v. Metropolitan St. Louis Sewer District*, 700 S.W. 2d 831, 836-37 (Mo. banc 1985), *rev'd on other grounds*, 731 S.W.2d 318 (Mo.App. 1987). Here we must examine the relationship between Ray County and the hospital's board of trustees to see if there existed this identity of interest. Ray County Hospital was established under § 205.160, RSMo 1978. An independent board of trustees is provided for the hospital by § 205.170, RSMo 1978. Under this statutory scheme, control of the hospital is in the hands of the board of trustees. No close connection exists between Ray County and the board. No requirement for reporting the suit against the hospital to Ray County exists, and no allegation has been made by appellant that respondent was, in fact, informed of the pending action. Thus a sufficient identity of interest does not exist in the instant case to fulfill the second requirement of Rule 55.33(c).

So too does appellant fail to meet the third requirement for relation back, that the party brought in, "knew or should have known that, but for a mistake concerning the identify of the proper party, the action would have been brought against him." Rule 55.33(c). Ray County had no reason to believe that they would be made a party to this action, even assuming they had knowledge of it. It is unreasonable to infer that they should have known that the action would be brought against them. Appellant's Point II is denied. The judgment is affirmed.

All concur.