Dear Representative McCracken and Representative Legan:
You have each asked that this office opine on the sales tax adopted by the voters of Polk County in August of 1988. You asked if the sales tax is a valid tax and if the funds collected pursuant to the tax are to be expended under Section67.505, RSMo, or Section 67.582, RSMo.
Based on the information you enclosed with your opinion request, we understand that the minutes of the county commission in June of 1988 identified the proposed sales tax as the county law enforcement sales tax authorized by Section67.582, RSMo Supp. 1988. The published notice regarding the election for the proposed sales tax apparently identified the sales tax as being authorized by Section 67.505, RSMo 1986. Section 67.505 relates to the County Sales Tax Act which is commonly referred to as the general county sales tax. The language of the ballot at the August 1988 election follows the suggested language in Section 67.582 by stating the tax is for the purpose of providing law enforcement services for the county. The suggested language in Section 67.582 is substantially different than the suggested language in Section67.505. The documents filed with the Missouri Department of Revenue by the county indicate the tax is imposed pursuant to Section 67.582, the county law enforcement sales tax. Based on the information you have provided, it appears that the only reference to Section 67.505 and the County Sales Tax Act of which that section is a part is the reference in the published notice of election identifying the authorizing statute as Section 67.505.
It appears your questions relate to whether the one, apparently erroneous, reference to Section 67.505 in the published notice of election invalidates the election or causes the sales tax to be expended pursuant to Section 67.505. Under Section 115.553, RSMo 1986, the result of an election on a question may be contested by one or more registered voters from the area in which the election was held and the election authority responsible for issuing the statement setting forth the result of the election shall be considered the contestee. However, such election contest, under Section 115.577, RSMo 1986, must be filed not later than thirty days after the official announcement of the election result by the election authority. See Clark v. City of Trenton, 591 S.W.2d 257
(Mo.App. 1979) and Beatty v. Metropolitan St. Louis SewerDistrict, 700 S.W.2d 831 (Mo. banc 1985). As stated in Clarkv. City of Trenton, supra at 259, the Comprehensive Election Act of 1977, was intended to give finality and conclusiveness to elections and, to that end, accelerated judicial procedures were incorporated to govern election contests. If no such election contest was filed within thirty days of the official announcement of the election result, the result of such election became final notwithstanding any possible arguments with respect to the published notice.
Because the time has expired for the election to be contested, the error in the published notice has no effect on the validity of the tax authorized at the August 1988 election. All other documents of which you have provided us copies indicate that the tax authorized is the law enforcement sales tax pursuant to Section 67.582. Therefore, the sales tax is to be expended pursuant to Section 67.582 as provided in all of the other documents relating to the election and the imposition of the tax.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General