The Honorable Jeff W. Schaeperkoetter Senator, District 23 State Capitol Building, Room 434 Jefferson City, Missouri 65101
Dear Senator Schaeperkoetter:
This opinion is in response to your question concerning the term of office of the city marshal for the City of Louisiana. You state your question as follows:
 Do the official ballot and city ordinance in an election for marshal of the City of Louisiana, which occurred in April of 1990, take precedence over Section 77.370 (4) which sets the term of office at four years, when the official ballot and city ordinance, refer to a 2-year term for that office?
Based on your question, we presume the City of Louisiana is a third class city to which Section 77.370, RSMo, applies.
Section 25-31 of the City of Louisiana Code which you have provided to us states:
 At the general election held on the first Tuesday in April in even-numbered years, the qualified voters of the city shall elect some suitable person as city marshal who shall hold office for two (2) years and until his successor is elected and qualified.
You have provided to us a copy of the ballot apparently used at the April 3, 1990 election. With respect to the election of a city marshal, the ballot includes the following language:
 FOR CITY MARSHAL (2 YEAR TERM) (VOTE FOR ONE)
Section 77.370, RSMo Supp. 1990, provides:
 77.370. Elective officers — option to appoint certain officers — terms. — 1. Except as hereinafter provided, the following officers shall be elected by the voters of the city: Mayor, police judge, attorney, assessor, collector, treasurer and, except in cities which adopt the merit system police department, a marshal.
* * *
 4. The term of office for each of the officers is two years except the office of mayor and the marshal which are four-year terms. All officers hold office until their successors are duly elected or appointed and qualified.
 5. The council, by ordinance, may provide that any officer of the city except the mayor and the councilmen shall be appointed instead of elected. Such ordinance shall set the manner of appointment, in accordance with section 77.330, and the term of office for each appointive officer, which term shall not exceed four years.
The provision in subsection 4 providing that the term of the city marshal is four years was added by the General Assembly in 1989. See House Bill No. 785, 85th General Assembly, First Regular Session (1989). House Bill No. 785 was effective August 28, 1989. Prior to the 1989 amendment to Section 77.370, the term of the city marshal as provided by Section 77.370 was two years.
Section 77.370, as amended by House Bill No. 785, was in effect prior to April 3, 1990, the date of the election about which you are concerned. Therefore, at the time of such election, Section 77.370 provided the term of the city marshal was four years. Your concerns relate to the conflict between Section 77.370 providing a four year term for the city marshal and 1) the city code providing a two year term, and 2) the ballot indicating a two year term.
Under Section 71.010, RSMo 1986, a municipal corporation's ordinance must conform to state law. Section 71.010, RSMo 1986, provides:
 71.010. Ordinances to conform to state law. — Any municipal corporation in this state, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters and things upon which there is a general law of the state, unless otherwise prescribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to and in conformity with the state law upon the same subject.
[Emphasis added.]
When considering a conflicting state statute and city ordinance, the test for determining if a true conflict exists is whether the ordinance "permits what the statute prohibits" or "prohibits what the statute permits." Page Western, Inc. v.Community Fire Protection District of St. Louis County,636 S.W.2d 65, 67 (Mo. banc 1982). An ordinance may supplement a state law, but when the expressed or implied provisions of each are inconsistent and in irreconcilable conflict, then the statute annuls the ordinance. Id. The ordinance cannot attempt to prohibit precisely what the state regulation permits. Id. 636 S.W.2d at 68. See also CrackerneckCountry Club, Inc. v. City of Independence, 522 S.W.2d 50
(Mo.App. 1974); City of Richmond Heights v. Shackelford,446 S.W.2d 179 (Mo.App. 1969). It is well settled that a municipal ordinance must be in harmony with a general law of the state upon the same subject and is void if in conflict with the state law. Kansas City v. LaRose, 524 S.W.2d 112, 116 (Mo. banc 1975).
Based on the authorities discussed above, we conclude the four year term for the city marshal as provided in Section77.370 prevails over any conflicting city ordinance. The amendment to Section 77.370 providing a four year term for the city marshal was effective the year before the April 3, 1990 election. The city ordinance providing a two year term is not in harmony with the state statute on the same subject and cannot prevail.
We turn next to the ballot language indicating a two year term. Sections 115.001 to 115.641, RSMo, are referred to as the "Comprehensive Election Act of 1977" (hereinafter the "Act").See Section 115.001, RSMo 1986. Section 115.003, RSMo 1986, sets forth the purpose of the Act as follows:
 115.003. Purpose clause. — The purpose of sections 115.001 to 115.641 and sections 51.450 and 51.460, RSMo, is to simplify, clarify and harmonize the laws governing elections. It shall be construed and applied so as to accomplish its purpose.
Section 115.005, RSMo 1986, provides:
 115.005. Scope of act. — Notwithstanding any other provision of law to the contrary, sections 115.001 to 115.641 shall apply to all public elections in the state, except elections for which ownership of real property is required by law for voting.
The Comprehensive Election Act of 1977 was obviously intended to give finality and conclusiveness to elections, and, to that end, accelerated judicial procedures were incorporated to govern election contests. Clark v. City of Trenton,591 S.W.2d 257, 259 (Mo.App. 1979). Election contests did not exist and were unknown at common law, and such contests are purely statutory. Felker v. City of Sikeston, 334 S.W.2d 754,755 (Mo.App. 1960). The right to contest an election is not a natural right, such as the right of life, liberty, and property, but exists, if at all, in the written laws of the state. Clarkv. City of Trenton, 591 S.W.2d at 259 (citing Bradbury v.Wightman, 134 S.W. 511 (Mo. 1911)). The rule always has been that an election may not be contested except as specifically authorized and provided by statute. Clark v. City of Trenton,591 S.W.2d at 259.
The ballot used in the City of Louisiana election indicated a two year term of office for the city marshal. Section115.577, RSMo 1986, controls the time limitation in filing an election contest. Such section provides:
 115.577. Time in which election contest may be filed. — Not later than thirty days after the official announcement of the election result by the election authority, any person authorized by section 115.553 who wishes to contest the election for any office or on any question provided in section 115.575 shall file a verified petition in the office of the clerk of the appropriate circuit court. The petition shall set forth the points on which the contestant wishes to contest the election and the facts he will prove in support of such points, and shall pray leave to produce his proof. The circuit court in which the petition is filed shall have exclusive jurisdiction over all matters relating to the contest and may issue appropriate orders to all election authorities in the area in which the contested election was held.
Section 115.553, RSMo 1986, which is cited in Section115.577, provides:
 115.553. Candidate may challenge returns — registered voter of area may contest result. — 1. Any candidate for election to any office may challenge the correctness of the returns for the office, charging that irregularities occurred in the election.
 2. The result of any election on any question may be contested by one or more registered voters from the area in which the election was held. The petitioning voter or voters shall be considered the contestant and the officer or election authority responsible for issuing the statement setting forth the result of the election shall be considered the contestee. In any such contest, the proponents and opponents of the ballot question shall have the right to engage counsel to represent and act for them in all matters involved in and pertaining to the contest.
We understand that the official announcement by the election authority of the April 3, 1990 election results occurred during April, 1990. Pursuant to Section 115.577, a petition to contest the election could have been filed within thirty days of such official announcement by a person meeting the requirements of Section 115.553. With the passage of the Act, the General Assembly mandated a procedure by which election contests could be brought. An election contest properly encompasses issues which affect the conduct and outcome of an election. Beatty v. Metropolitan St. Louis Sewer District,700 S.W.2d 831, 838 (Mo. banc 1985). The wording of the proposition on a ballot and the propriety of the notice of election provided are issues cognizable only in an election contest. Id. Since no petition to contest the election was apparently filed within the time provided in Section 115.577, the election results are final. The erroneous indication on the ballot that the term of the city marshal would be two years has no effect.
In summary, it is the opinion of this office the person elected city marshal in April, 1990, serves a four year term pursuant to Section 77.370. The state statute, Section 77.370, providing a four term for the city marshal prevails over a conflicting city ordinance providing a two year term. Ballot language indicating a two year term has no effect since the time period to contest the election has elapsed.
CONCLUSION
It is the opinion of this office that the person elected city marshal on April 3, 1990, in a third class city subject to Section 77.370, RSMo Supp. 1990, serves a four year term as provided in Section 77.370 despite a city ordinance stating the term shall be two years and despite a phrase on the ballot indicating the term would be two years.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General